[No. 1118.  Decided February 12, 1894.]

EUREKA SANDSTONE COMPANY, *Appellant*, v. PIERCE COUNTY, *Garnishee*, AND JOHN T. LONG *et al.*, *Respondents*.

### GARNISHMENT — LIABILITY OF COUNTY.

A county cannot be garnished when it is not liable to an action on the part of the principal defendant, for the reason that his claim against the county has not been presented to the county commissioners and rejected in whole or in part by them.

*Appeal from Superior Court, Pierce County.*

*Arthur N. Jordan*, for appellant:

Whoever may be sued may be garnished. 1 Dill., Mun. Corp. (3d ed.), § 101; 2 Wade, Attachment, § 345; Drake, Attachment, § 516; *Adams v. Tyler*, 121 Mass. 380; *Bray v. Wallingford*, 20 Conn. 416; *City of Newark v. Funk*, 15 Ohio St. 462; *Mayor v. Horton*, 38 N. J. Law, 88; *Wales v. Muscatine*, 4 Iowa, 302; *Rodman v. Musselman*, 12 Bush, 354; *Waterbury v. Commissioners*, 26 Pac. 1002.

*Snell & Bedford*, and *Crowley & Sullivan*, for respondents:

On the point of the exemption of municipal corporations from garnishment, counsel cited *Merwin v. Chicago*, 45 Ill. 133; *Dotterer v. Bowe*, 11 S. E. 896; *Born v. Williams*, 7 S. E. 868; *Switzer v. Wellington*, 19 Pac. 620; *Buchanan v. Alexander*, 4 How. 20; *Erie v. Knapp*, 29 Pa. St. 173; *McDougal v. Supervisors*, 4 Minn. 184; *Mayor v. Rowland*, 26 Ala. 498; *Mayor v. Root*, 63 Am. Dec. 692; *Memphis v. Laski*, 24 Am. Rep. 327; *Burnham v. Fond du Lac*, 15 Wis. 211; *Sheppard v. County of Cape Girardeau*, 1 S. W. 305; Drake, Attachment (7th ed.), § 516 and notes.

The opinion of the court was delivered by

HOYT, J.—Plaintiff brought this action against J. T. Long and others to recover for goods sold and delivered,

and instituted proceedings by way of garnishment against the county of Pierce.  The county appeared and asked to be dismissed without answer, on the ground that it could not be held liable as a garnishee defendant.  Its application was granted, and from the order dismissing it without answer this appeal is prosecuted.

The briefs of the respective parties have gone extensively into the question of the liability of a county in this state as garnishee in a suit against the principal defendant.  We do not find it necessary to discuss many of the questions presented by the briefs.  There is much force in the position of the respondents that public policy will not allow the business of a county to be interrupted by proceedings of this kind; but we do not need to say anything in regard to that question.  Under the statute law of this state (Laws 1893, p. 291), a county can only be sued upon a contract liability after the rejection in whole or in part by the board of county commissioners of a claim against the county growing out of such liability; and the general provision in the statutes (Gen. Stat., §§ 2437, 2438), relied upon by appellant, that counties are bodies corporate and may sue or be sued, must be interpreted in the light of other provisions of the statute, pointing out the manner in which it may be sued.  This would probably be so if such section contained no express reference to other provisions of the statute, and when the right to sue is expressly limited to "the manner prescribed by law," it is made clear that such section must be construed in the light of other statutory provisions.  It must follow that the principal defendant could not, under the circumstances disclosed by this record, maintain an action against the county.  If he cannot do so, the plaintiff cannot, as the general rule is that garnishment will only lie when an action could be maintained by the principal defendant.

We have been unable to discover anything in the stat-

ute relating to garnishment that in any way tends to change the rule as to suits being instituted against a county; and as the same principle of public policy would require that counties should be excused from responding in garnishee proceedings as in suits by principal defendants, there is nothing to show why the general rule above referred to should not have force.

What we have said has been upon the supposition that the statute as to garnishment was broad enough to make it applicable to counties; but as to whether or not this is so is a question of grave doubt. But the other reasons which we have suggested being sufficient to sustain the action of the court below, it is not necessary for us to say anything in regard thereto.

The order appealed from must be affirmed.

STILES and SCOTT, JJ., concur.

DUNBAR, C. J., and ANDERS, J., dissent.