H. R. Cox, *County Superintendent, Appellant,* v. C. H. HOLMES *et al., County Commissioners of Pierce County, Respondents.*

### SUPERINTENDENT OF SCHOOLS — SALARY.

Under art. 11, § 8, of the constitution, providing that the legislature shall fix the compensation by salaries of all county officers, except certain enumerated ones, the provisions contained in Laws 1890, p. 361, § 17, providing that the county superintendent shall receive compensation at the rate of three dollars for each school visited is invalid.

Appeal from Superior Court, Pierce County.—Hon. W. H. PRITCHARD, Judge.   Affirmed.

*Snell & Bedford,* for appellant.
*Coiner & Shackleford,* for respondents.

The opinion of the court was delivered by

GORDON, J.—The appellant is, and for some years past has been, county superintendent of schools for Pierce county.  He is seeking to recover, under § 17 of the common school act (Laws 1890, ch. 12, p. 361), compensation at the rate of "three dollars for each school visited, and mileage at the rate of ten cents per mile for each mile actually and necessarily traveled in making such visits," in addition to his salary as fixed by ch. 10 of the Laws 1890, p. 302.   The lower court held that he might recover mileage, but that the provision for the allowance of three dollars per visit was and is unconstitutional, and rendered judgment accordingly.  From the judgment so rendered the superintendent has appealed, and as the case "involves the legality of a statute," it is appealable under § 4, art. 4 of the constitution.

Sec. 8. art. 11, of the constitution, provides that, "the legislature shall fix the compensation by salaries of all county officers . . . except that public administrators, surveyors and coroners may or may not be salaried officers." At the first session of the legislature after the adoption of the constitution, an act was passed entitled "An act classifying the counties according to population, enumerating the county officers, fixing the salaries thereof," etc., (Laws 1890, p. 302). Under that act the appellant's salary as such county superintendent was and is fixed at $1,600 per year. We think that the system which the framers of the constitution intended to provide by § 8, *supra*, was that of "fixed" and established "compensation by time," (*State, ex rel. Murphy, v. Barnes*, 24 Fla. 29, 3 South. 433), as distinguished from the system of specific fees for specific services which had theretofore prevailed; and, although the word "salary" is sometimes used to denote compensation paid for a particular service, it was used in the constitution to mean "a payment dependent on the time and not on the amount of the service rendered" by the officer. *Thompson v. Phillips*, 12 Ohio St. 617.

It is not material to consider whether § 17, *supra*, was passed prior or subsequent to the salary act (ch. 10, *supra*). That section is opposed to the spirit of the constitution, and must be held invalid.

We think that the conclusion of the lower court was right, and its judgment is affirmed.

HOYT., C. J., and ANDERS, SCOTT and DUNBAR, JJ., concur.