[No 2238. Decided June 20, 1896.]

THE STATE OF WASHINGTON, *on the Relation of W. H. Heaton, Appellant,* v. NATHAN BEMAN, *County Auditor of King County, Respondent.*

COUNTY COMMISSIONERS — COMPENSATION — RIGHT TO MILEAGE — CONSTRUCTION OF STATUTE.

County commissioners are not entitled to charge mileage under Code 1881, § 2670, permitting mileage, since Laws 1889–90, p. 305, § 2,

which provides that they "shall receive five dollars per day for each day employed in performance of their duties," expressly declares that its purpose is to fix the salaries of county officers, and that all acts in conflict with its provisions are repealed.

When legislative construction of an act is made by a subsequent legislature and in apparent ignorance of what the law in force really is, such construction can have no force upon the courts, when called upon to construe the act.

Appeal from Superior Court, King County.— Hon. J. W. LANGLEY, Judge.    Affirmed.

*Cole, Heaton & Dawes,* and *W. R. Bell* (*A. E. Griffiith,* of counsel), for appellant:

In the construction of statutes the intent of the legislature, gathered from what is embodied and expressed in the entire statutes is the vital part. *Kohn v. Collison,* 27 Atl. 834; *Wilkinson v. Leland,* 2. Pet. 627; *Priestman v. United States,* 4 Dall. 28; *Lau Ow Bew v. United States,* 12 Sup. Ct. 517, *State v. Moore,* 63 N. W. 130; *Inhabitants of Gray v. County Commissioners,* 22 Atl. 376; *Snyder v. Compton,* 28 S. W. 1061.

When the legislature in construing a prior statute say in effect that by the antecedent act a particular right was intended to be conferred, the court will ordinarily respect such declaration, if the language used in the earlier act can be so interpreted without doing violence to its obvious and natural meaning. *Trustees Catholic Church v. Manning,* 19 Atl. 599; *Baxter v. Robertson,* 23 N. W. 711.

*A. W. Hastie,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—The question involved in this case is whether county commissioners in counties of the third class can recover mileage from the county at the rate of ten cents for each mile traveled in the discharge of

the duties imposed by the statute, or any mileage at all, in addition to the per diem and allowance of five dollars.

It is conceded by the appellant that the law of 1889–90 (Laws 1889–90, p. 305, § 2), which provides that "the county commissioners in all counties shall receive five dollars per day for each day employed in performance of their duties," if construed literally would prevent the recovery of mileage by the county commissioners, but it is insisted that this statute, when considered with reference to the history of the legislation on this subject, is susceptible of another construction. The law of 1889–90 above referred to is entitled, "An act classifying the counties according to population, enumerating the county officers, fixing the salaries thereof, providing for deputies, collection of fees and payment of salaries;" and the repealing clause (Laws 1889–90, p. 316, § 48) is to the effect that, "all laws or parts of laws in conflict with this act are hereby repealed." It would seem that an act which expressly declared that its purpose was to fix the salaries of county officers, and which did fix them upon a different basis from that on which they had been fixed by a prior law, and which declares that all acts in conflict with its provisions shall be repealed, would work a repeal of all acts fixing the compensation of county officers which are in any way in conflict with the compensation fixed by the act itself; and to determine whether these respective provisions in relation to compensation are in conflict it is only necessary to determine whether or not the compensation in the one is more or less than the compensation fixed in the other.

Under the law of 1854 (Laws p. 420, § 8) which is the earliest enactment on the subject, the county com-

missioners were entitled to receive three dollars per day for each day necessarily employed in transacting the business of the county, and fifteen cents per mile for every mile traveled in going to and returning from the meetings of said board, or in the discharge of any official duty. This law was changed in 1869, (Laws 1869, p. 304, §8, to read as follows:

"The county commissioners shall each receive five dollars per day for each and every day they may be necessarily employed in transacting the business of the county, and fifteen cents per mile for every mile traveled in going to and returning from the meetings of said board or in the discharge of any official duty."

It will be noticed that it was thought necessary by the legislature in changing the per diem from three dollars to five, to also enact that the commissioners should be entitled to the mileage of fifteen cents per mile, which was the same mileage provided for in the act of 1854. The act of 1869 was entitled, "An act to provide for the election of county commissioners and defining their duties." In 1881 (Code 1881, p. 464, § 2670), the law in regard to compensation of county commissioners was again changed to the effect that, "the county commissioners shall each receive four dollars per day for each and every day they may be necessarily employed in transacting the business of the county, and ten cents per mile for every mile traveled in going to and returning from the meetings of said board, or in the discharge of any official duty." This is the law relied upon by the appellant to sustain his contention that he is entitled to mileage.

Whatever the law may have been prior to 1890, it seems conclusive to our minds that the intention of the act of 1890 was to establish an independent compensation for county commissioners, and that, when this compensation was established at five dollars per

day without a provision for mileage, it must be con-
cluded, even according to the appellant the benefit of
all the canons of construction which he has invoked,
that it was the intent of the legislature that the per
diem should be the exclusive compensation of the
commissioner, and that the mileage allowed by the
former acts was not intended to be carried forward
into the new.

It is insisted by the appellant that the legislative
construction has been placed upon the act of 1890 by
§ 9, page 303 of the laws of 1893, where the legislature
provided for a board of construction, and further pro-
vided that such board should be allowed the same
mileage as is allowed county commissioners for nec-
essary travel in the discharge of their duties, and
should not be otherwise paid for their services. If
the act which we are called upon to construe had been
contemporaneous with the act quoted, the legislative
construction would have more effect, but it seems to
us plain that the legislature of 1893 was legislating in
ignorance of what the law in relation to the compen-
sation of county commissioners really was, and that
it can have no force in construing the act of another
and prior legislature.

The case of *Cox v. Holmes*, 14 Wash. 255, (44 Pac.
262), we do not think is in point. We are satisfied
that under the law as it now exists the commissioner
is not entitled to mileage under any circumstances.

The judgment of the lower court will therefore be
affirmed.

HOYT, C. J., and SCOTT, ANDERS and GORDON,
JJ., concur.