[No. 4502.    Decided April 27, 1903.]

T. N. HENRY *Respondent,* v. COUNTY OF THURSTON, *Appellant.*

CONSTITUTIONAL LAW — APPELLATE JURISDICTION OF SUPREME COURT — VALIDITY OF STATUTE.

Where the supreme court obtains jurisdiction of an appeal in an action in which the original amount in controversy does not exceed the sum of $200, merely because of the fact that the validity of a statute is put in issue as to one of several causes of action included in the complaint, its jurisdiction extends only to the cause of action affected by the statute.

SAME — EQUAL PRIVILEGES — MILEAGE OF COUNTY SUPERINTENDENTS.

Section 8 of the act of March 19, 1901 (Laws 1901, p. 377) authorizing county superintendents to charge five cents mileage in counties of the first to the tenth classes inclusive and ten cents mileage in all counties having a higher class number than the tenth, does not violate art. 1, § 12, of the state constitution, which prohibits the passage of laws granting to any citizen or class of citizens, privileges or immunities which, upon the same terms, shall not equally belong to all.

SAME — EQUAL PROTECTION OF THE LAWS.

Such a law cannot be said to operate unequally, and therefore in violation of the fourteenth amendment of the United States constitution, in the absence of a showing that the cost of travel is the same in all counties.

Appeal from Superior Court, Thurston County.—Hon. OLIVER V. LINN, Judge.    Affirmed.

*George H. Funk* and *Vance & Mitchell,* for appellant.

*Troy & Falknor,* for respondent.

The opinion of the court was delivered by

FULLERTON, C. J.—The respondent, who was county superintendent of common schools of Thurston county, brought this action against the county to recover the sum

of $126.05, being the aggregate of several items set forth in the complaint in seven distinct causes of action. After a demurrer had been interposed and sustained to the second and third causes of action, an answer was filed to the remainder, denying on information and belief the allegations of fact therein contained. An affirmative defense was also set up to the first cause of action, which was a claim for mileage for visiting the common schools of Thurston county, to the effect that an unnecessary number of miles had been traveled in visiting the schools, and also that the act of the legislature on which the claim was founded was unconstitutional and void. On the trial, which was had before the court and a jury, the respondent waived any right to recover upon his seventh cause of action. At the conclusion of the respondent's case in chief the appellant moved for nonsuit against the respondent, which being overruled, it announced that it would submit its case to the jury on the evidence introduced by the respondent. The respondent thereupon moved the court to instruct a verdict in his favor, which the court did, instructing the jury to find for the plaintiff in the sum of $62.40, being the aggregate of his first, fourth, fifth, and sixth causes of action. Judgment was afterwards entered on the verdict, from which this appeal is taken.

The article of the constitution defining the appellate jurisdiction of this court provides that "its appellate jurisdiction shall not extend to civil actions at law for the recovery of money or personal property when the original amount in controversy, or the value of the property, does not exceed the sum of two hundred dollars ($200), unless the action involves the legality of a tax, impost, assessment, toll, municipal fine, or the validity of a statute." Constitution, art. 4, § 4. It will be observed that

the amount in controversy between the parties is insufficient to bring the action within the appellate jurisdiction of this court, and that the action is appealable only because the appellant questions the validity of the statute upon which the first cause of action is founded. The first important question, therefore, is, how much of the cause is before this court for review? The appellant insists that inasmuch as the court has jurisdiction of the action for one purpose, it has it for all purposes, and will inquire not only into the validity of the statute assailed, but into the other errors assigned upon the appeal, whether or not they are involved with the question which gives it jurisdiction, and regardless of its conclusion on that question. On the other hand, the respondent contends that the court has jurisdiction only so far as the validity of the statute and that part of the judgment of the trial court necessarily dependent thereon is concerned, and that, if the court finds the statute constitutional, its inquiry is ended, while, if it finds the statute unconstitutional, it will modify the judgment of the lower court only in so far as it finds that the unconstitutionality of the statute affects the judgment. The respondent's contention, we think, must be sustained. Plainly, it was the purpose of the framers of the constitution to make the superior courts the final arbiters on all questions when the amount in controversy does not exceed two hundred dollars, unless those questions are dependent on the legality of a tax, etc., or the validity of a statute. Any other construction would practically nullify the limitation. If a party may in cases under the jurisdictional amount have all the questions involved reviewed by alleging that some one of them depends on the validity of a statute or the legality of some of the especially enumerated causes, there are but few cases that this court is not en-

titled to review, as they can be brought here by merely assailing a statute supposed to be involved. This, we repeat, is not the meaning of the constitution. It intended that questions not involving or dependent on the validity of a statute, or the legality of a tax, impost, assessment, toll, or municipal fine, should be finally adjudicated in the superior courts, unless the amount in controversy exceeded two hundred dollars.

The section of the statute which is claimed to be unconstitutional is § 8 of the act of March 19, 1901. (Session Laws 1901, pp. 370, 377.) It reads as follows:

"For each mile actually and necessarily traveled in the performance of their official duties and in attendance on the convention of county superintendents, called by the Superintendent of Public Instruction, county superintendents shall be allowed mileage as follows: In each county of the first, second, third, fourth, fifth, sixth, seventh, eighth, ninth, and tenth classes, five cents per mile; in each county of the eleventh class and all counties having a higher class number than the eleventh, ten cents per mile; Provided, That no county superintendent shall be allowed to charge or collect any fee for the performance of any other duties herein named; Provided further, That no constructive mileage shall be charged."

The act is said to be unconstitutional because of the difference made in the mileage rates. The specific provision of the state Constitution which is said to be violated by this act is § 12 of art. 1, which prohibits the legislature from passing a law granting to any citizen, or class of citizens, privileges or immunities which, upon the same terms, shall not equally belong to all. We cannot think, however, that this clause of the Constitution has any reference to laws like the one in question. The law was intended to provide a means by which superintendents of the common schools could be reimbursed for the expenses

incurred by them in the performance of a specific duty which the law especially enjoined on them. It may be that the legislature did, not adopt the best method of accomplishing the object intended, or it may be that the law operates unequally in some instances, but it is not for these reasons a grant of a privilege or immunity within the meaning of those terms as used in the Constitution, and hence this provision cannot apply.

It is said also that the act is violative of the fourteenth amendment to the Constitution of the United States, in that persons affected by it are not treated alike under like circumstances and conditions. Conceding, without deciding that this provision of the federal constitution is applicable to a case of this kind, we cannot concede that it is conclusive of the question here. The legislature, instead of providing that the several officers should be reimbursed for their actual traveling expenses, had a right to prescribe that they should receive fixed mileage rates in lieu thereof. *Cox v. Holmes,* 14 Wash. 255 (44 Pac. 262). Whether the rates fixed operate equally or unequally must depend on circumstances; if, for example, the cost of traveling in counties from the first to the tenth class, inclusive, is only five cents per mile, while in the eleventh class and all counties having a higher class number than the eleventh it is ten cents per mile, then the law does not operate unequally; while, if the cost is the same in all the counties, it does so operate. But these are matters which the court cannot know judicially, and the legislative finding thereon must be deemed conclusive, at least in the absence of a showing to the contrary, of which there is none in the case before us.

As we find no error in the record which we are empowered to review, the judgment appealed from will stand affirmed.

MOUNT and ANDERS, JJ., concur.