[No. 5056.   Decided May 23, 1904.]

THE STATE OF WASHINGTON, *on the Relation of W. B. Stratton, Respondent*, v. C. W. MAYNARD, *as State Treasurer, Appellant*.[1]

STATE OFFICERS — ATTORNEY GENERAL — SALARY — TERRITORIAL LAW ALLOWING FEES—REPEAL. Territorial Laws, 1887-8, providing that the attorney general shall receive an annual salary of $1,800, and the further sum of ten per cent on all money collected upon legal process instituted to enforce claims due the territory, is repugnant to Const., art. 3, § 21, providing that he shall receive an annual salary of $2,000, which may be increased by the legislature, but shall never exceed $3,500, since it is clearly the

[1]Reported in 76 Pac. 937.

intent of the constitution that the whole compensation of the executive officers should be fixed by salary, as distinguished from the fee system.

Appeal from a judgment of the superior court for Thurston county, Linn, J., entered January 11, 1904, upon overruling a demurrer to the complaint, granting a writ of mandate, as prayed for. Reversed.

*Frank C. Owings,* for appellant.

*E. W. Ross* and *C. C. Dalton,* for respondent. The terms "compensation" and "salary" are used in the constitution with distinct meanings. Const. art. 3, §§ 21, 25; art. 2, § 25; art. 4, § 13; art. 11, §§ 5, 8. There is a clear distinction between compensation and salary; the former includes the latter, but not *vice versa. Kilgore v. People,* 76 Ill. 548; *State ex rel. Murphy v. Barnes,* 24 Fla. 29; *Dane v. Smith,* 54 Ala. 47; *Benedict v. United States,* 176 U. S. 357, 20 Sup. Ct. 458; *Thompson v. Phillips,* 12 Ohio St. 617; *Cox v. Holmes,* 14 Wash. 255, 44 Pac. 262. Other state constitutions expressly provide that the compensation by fees shall be paid to the state. *State ex rel. Att'y Gen. v. Leidtke,* 12 Neb. 171; New York Const. art. 5, § 1; Ark. Const. art. 6, § 11; Cal. Const. art. 5, § 19; Colo. Const. art. 4, § 19. The territorial provision for compensation by fees is still in force because not expressly repealed or repugnant to the constitution. Laws 1887, p. 7, § 8; Const. art. 27, § 2; *Hamilton v. St. Louis County Court,* 15 Mo. 5; *Bandel v. Isaac,* 13 Md. 202; *People v. Gies,* 25 Mich. 82; *Stewart v. Sup'rs of Polk County,* 30 Iowa 9, 1 Am. Rep. 238; *Lafayette etc. R. Co. v. Geiger,* 34 Ind. 185. To repeal it by implication it must appear to be in conflict with an express constitutional provision. *State ex rel. Murphy v. McBride,* 29 Wash. 341, 70 Pac. 25;

*State v. Clark,* 30 Wash. 439, 71 Pac. 20; *State v. Vance,* 29 Wash. 459, 70 Pac. 34; *Smith v. Seattle,* 25 Wash. 308, 65 Pac. 312.    And this must be clear and unquestioned.    *Nelson v. Troy,* 11 Wash. 438, 39 Pac. 974; *Reeves v. Anderson,* 13 Wash. 20, 42 Pac. 625; *Ah Lim v. Territory,* 1 Wash. 156, 24 Pac. 588, 9 L. R. A. 395; *State v. Stoll,* 17 Wall. 425; *United States v. Claflin,* 97 U. S. 546; *Tacoma Land Co. v. Pierce County,* 1 Wash. 482, 25 Pac. 904; *Coler v. Rhoda Tp.,* 6 S. D. 640, 63 N. W. 158.    None but inconsistent laws were repealed by the constitution.    *Cass v. Dillon,* 2 Ohio St. 607; *State ex rel. Evans v. Dudley,* 1 Ohio St. 437.    The constitution is to be construed with reference to existing laws.    *Board of Directors v. Peterson,* 4 Wash. 147, 29 Pac. 995; *Peterson v. Dillon,* 27 Wash. 83, 67 Pac. 397; *Winsor v. Bridges,* 24 Wash. 544, 64 Pac. 780; *State ex rel. Atty. Gen. v. Seattle Gas Co.,* 28 Wash. 496, 68 Pac. 946, 70 Pac. 114; *State ex rel. Clark v. Neterer,* 33 Wash. 535, 74 Pac. 668; *Collins v. Tracy,* 36 Tex. 546; *Cass v. Dillon,* 2 Ohio St. 607; *Rich v. Flanders,* 39 N. H. 304; *Snyder v. Compton,* 87 Tex. 374, 28 S. W. 1061; *Bandel v. Isaac,* 13 Md. 202; *Mayor v. State,* 15 Md. 376, 74 Am. Dec. 572; *Servis v. Beatty,* 32 Miss. 52. The fact that the attorney general was receiving compensation by fees, and the constitution did not prohibit it, indicates an intention to continue it.    *O'Gorman v. Mayor,* 67 N. Y. 486; *Cox v. Holmes, supra.*    The terms salary and compensation must be given the same meaning in the constitution as in the former laws.    *Duramus v. Harrison,* 26 Ala. 326.    The former laws and the constitution should be read and construed together as parts of one act.    *Billingsley v. State,* 14 Md. 369, 74 Am. Dec. 544; *Fowler v. Poor,* Dallam (Tex.) 401; *Austin v.*

*Gulf etc. R. Co.,* 45 Tex. 236.   The following cases are squarely in point upon the law and the merits of this case:  *Pillsbury v. Brown,* 45 Cal. 46; *O'Gorman v. Mayor,* 67 N. Y. 486; *Thon v. Commonwealth,* 77 Va. 289; *Smith v. City,* 54 Conn. 174, 7 Atl. 17; *Chatfield v. Washington County,* 3 Ore. 318; *Commonwealth ex rel. Wolfe v. Butler,* 99 Pa. St. 535.

PER CURIAM.—This is an application for a writ of mandate, made by respondent, who is attorney general, to compel the state treasurer of the state of Washington to receive the amount recovered in a judgment, which the state of Washington obtained against the city of Seattle, less ten per cent of the amount of said judgment, which has been retained by the attorney general, and which he claims he is entitled to under the provisions of the law. This money was recovered in an action brought by the attorney general, claiming the same to be due the state on account of liquor licenses, collected by said city of Seattle.   To a complaint setting up substantially these facts, the appellant demurred generally in the lower court, which demurrer was overruled.   Whereupon appellant refused to plead further, and the court entered judgment against him.   From that judgment this appeal is taken.

Section 8, chapter 7, of the acts of the territorial legislature of 1887-8, reads as follows:

"The attorney general shall receive an annual salary of $1,800, payable out of the territorial treasury.   He shall also receive the further sum of ten per centum on all money collected and paid into the territorial treasury, upon legal process instituted to enforce the payment of any claim due the territory for money, property, or damages which per centum, in addition to the other legal costs incident to the procedure, shall, unless otherwise directed

by the court, be paid by the party defendant, and allowed as costs in the action."

Section 21 art. 3, of the state constitution, is as follows:

"The attorney general shall be the legal adviser of the state officers, and shall perform such other duties as may be prescribed by law. He shall receive an annual salary of two thousand dollars, which may be increased by the legislature, but shall never exceed thirty-five hundred dollars per annum."

There has been no compensation for the attorney general fixed by legislative enactment, since the admission of the state into the Union and the adoption of its constitution, and it is the contention of the respondent that the territorial provision, in relation to the per centum to which the attorney general is entitled, is now in force, and that the constitutional provision affected only that portion of the territorial law which related to the salary; while the appellant contends that, upon the admission of the state into the Union, the territorial statute became inoperative, because of its repugnance to § 21, art. 3, of the state constitution, quoted above, and that the word "salary," as used in the constitution, should be construed to be synonymous with the word "compensation."

Conceding the contention of the respondent that existing laws are not to be changed by the adoption of the constitution, except as far as they may be inconsistent with its provisions, we are of the opinion that the provisions of the territorial act are in conflict with the provisions of the constitution, in relation to the compensation of the attorney general, and that the constitution sought, in § 21, *supra,* to prescribe the compensation for such officer. The language of the constitution appears to us so plain that it seems scarcely susceptible of construction, but, if construction be resorted to, there are two rules

of construction which must be applied and which, it seems to us, are controlling: (1) If the intention of the lawmaking power is plainly discernible from the language employed, the law must be construed in accordance with such manifest intention, without the aid of other rules of construction; for the object of all canons of construction is to aid in properly arriving at the intention of the framers of the law in question; (2) a constitution being adopted by the votes of the common people, its language must be particularly construed in accordance with the common understanding of the words and language employed; although, if there were no difference in the rule of construction employed in interpreting constitutional and legislative enactments, it would be equally clear to us that the contention of the respondent could not be maintained. For we think it is plain, not only from the language used, but from the connection of the language with other provisions of the constitution, that it was the intention of the framers of the constitution that the attorney general should be fully compensated by the salary prescribed.

Article 3 undertakes to define the duties and fix the salaries of all the executive officers of the state. Section 14 provides that the governor shall receive an annual salary of $4,000, which may be increased by law, but shall never exceed $6,000. Section 16 prescribes the qualifications of the lieutenant governor, and provides that he shall receive an annual salary of $1,000, which may be increased by the legislature, but shall never exceed $3,000 per annum. Section 17, after prescribing the qualifications of the secretary of state, provides that he shall receive an annual salary of $2,500, which may be increased by the legislature, but shall never exceed $3,000

per annum. Section 19 provides that the treasurer shall receive an annual salary of $2,000, which may be increased by the legislature, but shall never exceed $4,000 per annum. Section 20 specifies the qualifications of the auditor, and provides that he shall receive an annual salary of $2,000, which may be increased by the legislature, but shall never exceed $3,000 per annum. Section 21 prescribes the qualifications and duties of the attorney general, and provides that he shall receive an annual salary of $2,000, which may be increased by the legislature, but shall never exceed $3,500 per annum; and section 22 makes similar provisions for the salary of the superintendent of public instruction, with a limitation of $4,000 per annum.

Upon reading this chapter, disconnected from any other law, the first and only thought would be that the compensation, and the whole compensation, of the executive officers, regardless of what word was used to express it, was fixed by this article of the constitution; and, while it is true that the laws which were in existence at the time of the adoption of the constitution, and not in conflict with its provisions, remained in force and effect, it is plain to us that the territorial law relied upon by the respondent is in conflict with the plainly expressed intention of the framers of the constitution in relation to the salary of the attorney general, and that there was no thought of adding the old compensation to the new one prescribed in connection with the salary of the other executive officers, but that the act was complete within itself, governing all the compensation of all the officers mentioned therein. The fact must not be lost sight of that the main office of a state constitution is to limit legislative power, and it is too evident for discussion

that a limitation on the compensation to be allowed the attorney general was sought to be imposed in § 21, when it said, "He shall receive an annual salary of $2,000, which may be increased by the legislature, but shall never exceed $3,500 per annum." We must not impute to the framers of the constitution the commission of so foolish and vain an act as that of prescribing a limitation which, in effect, is no limitation at all; for while, under the construction contended for, the legislature was limited to prescribing a salary not exceeding $3,500, it could indirectly, through the medium of fees allowed, increase indefinitely the amount of pay allowed the officer. It was the compensation of the officer which was the material thing with which the constitution was dealing; in plain phrase, the amount of money which the state would have to pay out of its treasury for his services. Whether that amount should be paid out under the term "compensation," "salary," or "fees" was unimportant.

It is said that the constitution nowhere provides that the compensation of the attorney general shall be fixed by salary; that it provides what his salary shall be, but does not fix his compensation. This contention is answered by what we have said above, viz., that it was the compensation to which the constitution was prescribing a limit. It is argued that the same rule will not obtain in construing this law, as in construing the law in relation to the salaries of county officers, because § 8, art. 11, prescribes that the legislature shall fix the compensation, by salaries, of all county officers; and that there is no such provision in the constitution in relation to the attorney general, but there is simply a provision that the legislature shall fix his salary with certain limitations, and that, therefore, it follows that the framers of the

constitution did not use the word "salary" in the large sense in which the word compensation is used in § 8, referred to above. We are not able to gather from the language of the constitution itself, or from any of its provisions in any other respect, that there was any intention to make a distinction in this respect. There was no necessity to use the expression "fix the compensation by salary," with relation to the state officers, for the constitution itself fixed the salaries of state officers, leaving discretion in the legislature as to the county officers, and providing only for a limitation on the power of the legislature in raising the salaries of state officers, which had already been fixed by the constitution.

We see nothing in the opinion of this court in *Cox v. Holmes,* 14 Wash. 255, 44 Pac. 262, to sustain respondent's contention. That was a case where the provisions of art. 11, § 8, of the constitution, providing that the legislature shall fix the compensation, by salaries, of all county officers (except certain enumerated ones), were construed with relation to the provision contained in the laws of 1890, p. 361, § 17, providing that county superintendents shall receive compensation at the rate of three dollars for each school visited, such law being held invalid, as being opposed to the constitutional provision. The court, in discussing the case, said:

"We think that the system which the framers of the constitution intended to provide by § 8, *supra,* was that of 'fixed' and established 'compensation by time,' as distinguished from the system of specific fees for specific services which had theretofore prevailed; and, although the word 'salary' is sometimes used to denote compensation paid for a particular service, it was used in the constitution to mean 'a payment dependent on the time and not on the amount of the service rendered' by the officer."

So, we think here that the whole idea of the constitution was of compensation by salary, as distinguished from the fee system, which had theretofore prevailed, and that the word 'salary' was used in the constitution to mean a payment dependent on the time, and not upon the amount of the services rendered; or, in other words, when the salary for a year was prescribed, it was meant that the prescribed salary should be the compensation for a year. The respondent has filed a very learned and elaborate brief, citing many cases on many propositions, a review of which we do not think it advisable to undertake; for, under the plain provisions of the constitution itself, we are forced to the conclusion that the compensation of the attorney general is limited to the salary prescribed by the constitution, there having been no other or different salary prescribed by the legislature since.

The judgment will be reversed, and the cause remanded, with instructions to sustain the demurrer to the complaint.