[No. 5686.　Decided January 17, 1906.]

GEORGE GIES, *Respondent,* v. JAMES C. BROAD, *Appellant.*[1]

APPEAL—JURISDICTION—VALIDITY OF STATUTE SOLE GROUND—QUES-
TIONS REVIEWABLE. Upon an appeal in which the jurisdiction of the
appellate court depends upon the validity of a statute, the court will
not review other errors assigned not involving such question.

LABOR—PUBLIC WORK—FIXING MINIMUM WAGE FOR DAY'S WORK—
CONSTITUTIONAL LAW—ORDINANCE—VALIDITY. An ordinance prescrib-
ing the minimum wage to be paid for a day's labor upon public
work undertaken by a city is not unconstitutional, as it is within
the power of the state or city to prescribe the conditions upon which
it would permit its public work to be done.

Appeal from a judgment of the superior court for Spo-
kane county, Belt., J., entered October 20, 1904, affirming,
on appeal from a justice's court, a judgment in favor of a
laborer on public work, for time in excess of the period pre-
scribed by ordinance as a day's work. Affirmed.

*Cullen & Dudley,* for appellant.

*Robertson, Miller & Rosenhaupt,* for respondent.

FULLERTON, J.—The respondent commenced an action in
the justice's court for Spokane precinct, in Spokane county,
to recover a balance of $15.91 claimed to be due him as wages
for services rendered the appellant. He recovered in the
justice's court, and the judgment was affirmed on appeal to
the superior court of Spokane county. This appeal is from
the judgment of the superior court. From the record it
appears that the appellant had a contract with the city of
Spokane for the improvement of one of its streets. By ordi-
nance of that city it is provided that on all work done by con-
tract for the city in the improvement of its streets, eight
hours in any calendar day shall constitute a day's work, and
that the rate of wages for laborers on such work who labor by
the day shall not be less than two dollars and twenty-five

1Reported in 83 Pac. 1025.

cents for a calendar day's work of eight hours. The respondent had worked nine hours in each calendar day, and had been paid wages at the minimum rate fixed by the ordinance. The action was instituted to recover for the extra time the respondent labored in excess of the time fixed as a day's work by the ordinance.

The appeal is brought within the jurisdiction of this court by reason of the fact that the action involves the validity of the ordinance above mentioned; the appellant contending that that part of the ordinance which fixes the minimum sum to be paid as wages for a day's labor on any public improvement undertaken by the city of Spokane, is unconstitutional and void. He has, however, suggested reasons for reversing the judgment even should we determine the ordinance to be valid, but it is evident that under the rule announced by us in *Henry v. Thurston County,* 31 Wash. 638, 72 Pac. 488, these questions are not before us. In that case we held that, on an appeal where we had jurisdiction solely because the validity of a statute was involved, we would review the judgment appealed from only in case we found the statute invalid, and then only to the extent that it was affected by the invalid statute. This rule precludes any inquiry as to the proper construction of the ordinance. If we find the ordinance valid, the inquiry is ended; if invalid, the judgment falls because founded on the ordinance.

The question properly before us, namely, the validity of that part of the ordinance which undertakes to fix a minimum sum to be paid as wages for a calendar day's work, was in effect decided by us in the case of *In re Broad,* 36 Wash. 449, 78 Pac. 1004. There the question was whether that part of the ordinance was valid which limited the number of hours a laborer should be permitted to labor in any one calendar day on a public work undertaken by the city, and we held it valid on the principle that it was within the power of the state (and a city as its instrumentality) to prescribe the con-

ditions on which it would permit public work to be done on its behalf, founding the decision on· the case of *Atkin v. Kansas,* 191 U. S. 207, 24 Sup. Ct. 124, 48 L. Ed. 148. The principle involved in that case is not distinguishable from the principle involved in the case now before us. For, surely, if it be within the power of the state to limit the number of hours a laborer may be permitted to labor in one calendar day on any public work undertaken by it, it can fix the minimum sum that shall be paid him as wages for such labor. The power to do either must rest on the principle that "it belongs to the state, as the guardian and trustee for its people, and having control of its affairs, to prescribe the conditions upon which it will permit public work to be done on its behalf, or on behalf of its municipalities." *Atkin v. Kansas, supra.* These considerations dispose of the errors assigned.

The judgment is affirmed.

MOUNT, C. J., HADLEY, DUNBAR, CROW, and ROOT, JJ., concur.