[No. 7582. Decided December 26, 1908.]

L. C. HALL et al., Appellants, v. CHARLES COWEN et al., Respondents.[1]

AGRICULTURE—LIENS—LABOR OR MATERIALS—RENTAL OF TOOLS. A claim for the rental of scrapers, due to the owner from a contractor who cleared and graded certain lots, is not one for "labor performed or materials furnished," within Bal. Code, § 5902, providing a lien therefor upon the land in favor of one who clears, grades, or improves the same.

APPEAL—DECISIONS REVIEWABLE—AMOUNT IN CONTROVERSY. In an action to enforce a lien against lots in which the lien fails and merely a money judgment is entered against the contractor, no appeal lies where the amount in controversy was less than two hundred dollars.

[1]Reported in 98 Pac. 670.

Appeal from a judgment of the superior court for King county, Frater, J., entered May 7, 1908, upon findings in favor of certain defendants, in an action to foreclose a lien against their property. Affirmed.

*B. B. Crawford,* for appellants.
*Bamford A. Robb* and *Charles P. Harris,* for respondents.

RUDKIN, J.—The defendant Cowen, as owner of certain lots in one of the additions to the city of Seattle, employed the defendants Wagner & Harney to clear, grade and fill in certain streets adjacent thereto. The contractor hired or rented five wheel scrapers from the plaintiffs, to be used in and about the work of grading and filling in the street. Thereafter the plaintiffs filed a lien against the lots owned by the defendant Cowen, for the sum of $112.50 for the rental or hire of the scrapers, and this action was instituted against the contractors and the owner of the property to recover the amount of the lien claim against the contractors, and to foreclose the lien against the abutting property. The court below gave a personal judgment in favor of the plaintiffs and against the contractors for the sum of $88.25, but denied a foreclosure of the lien. From this judgment the plaintiffs have appealed.

The lien was claimed under Bal. Code, § 5902 (P. C. § 6104), which reads as follows:

"Any person who, at the request of the owners of any real property, his agent, contractor or subcontractor, clears, grades, fills in or otherwise improves the same, or any street or road in front of, or adjoining the same, has a lien upon such real property for the labor performed, or the materials furnished for such purposes."

It seems to us too plain to admit of extended argument or discussion that a claim for the rental of scrapers is neither for labor performed or materials furnished within the purview of this section. *Allen v. Elwert,* 29 Ore. 443, 44 Pac.

823, 48 Pac. 54; *McCormick v. Los Angeles Water Co.,* 40 Cal. 185.

The appellants further contend that the court erred in reducing their claim from $112.50 to $88.25; but inasmuch as there is no lien we are without jurisdiction to review the judgment in a law action where the original amount in controversy is less than $200. *Henry v. Thurston County,* 31 Wash. 638, 72 Pac. 488; *Gies v. Broad,* 41 Wash. 448, 83 Pac. 1025.

The judgment is affirmed.

HADLEY, C. J., CROW, FULLERTON, MOUNT, and DUNBAR, JJ., concur.