[No. 16441. Department One. May 31, 1921.]

HERBERT E. WILLSON *et al., Respondents,* v. ANTON BETSCHART *et al., Appellants.*[1]

APPEAL (24)—DECISIONS REVIEWABLE—AMOUNT IN CONTROVERSY. Under Art. 4, § 4, of. the state constitution prohibiting the appellate jurisdiction of the supreme court in "actions at law for the recovery of money or personal property when the original amount in controversy or the value of the property does not exceed the sum of two hundred dollars," a judgment for $142 for damages to real property, the title to which was in no way involved, is not appealable.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered October 30, 1920, upon findings in favor of the plaintiff, in an action in tort. Appeal dismissed.

*H. W. Lueders,* for appellants.

*Jesse Thomas,* for respondents.

MITCHELL, J.—Suit was brought in the superior court to recover the sum of $142 to reimburse the plaintiffs for the cost of replacing a glass front in a building owned by them which they alleged had been broken through the negligence of the defendants. They recovered judgment in the amount sued for. The defendants have taken an appeal.

The respondents have moved to dismiss the appeal for the reason that the original amount in controversy is not sufficient to give this court jurisdiction.

Article 4, § 4, of the constitution, defining the appellate jurisdiction of this court, provides that . . . "its appellate jurisdiction shall not extend to civil actions at law for the recovery of money or personal property when the original amount in controversy or

[1] Reported in 198 Pac. 269.

the value of the property does not exceed the sum of two hundred dollars, unless the action involves the legality of a tax, impost, assessment, toll, municipal fine, or the validity of a statute.'' The provision is plain and emphatic, and without doubt covers this case. Such has been our uniform holding in similar cases. *Henry v. Thurston County,* 31 Wash. 638, 72 Pac. 488; *State ex rel. Lack v. Meads,* 49 Wash. 468, 95 Pac. 1022; *Hall v. Cowen,* 51 Wash. 295, 98 Pac. 670.

Appellants' argument that the rule is not applicable because the claim originally grew out of damage to real property is without merit. The title to real property is in no way involved. The test is not to be found in the origin of the obligation, but in the character of the suit and the recovery sought. The language of the constitution forbids appellate jurisdiction in civil actions at law for the recovery of money when the original amount in controversy does not exceed $200. This is that kind of action.

Nor is it sound to argue that the rule is avoided because the action was one in tort rather than one in contract. The words of the constitution authorize no such distinction. ''When a recovery of money only is sought, no matter whether the action is in tort or in contract, the pecuniary restriction applies.'' Cyc., Appeal and Error, vol. 2, p. 545.

Appeal dismissed for want of jurisdiction.

PARKER, C. J., TOLMAN, FULLERTON, and HOLCOMB, JJ., concur.