[No. 21675. Department One. May 27, 1929.]

GEO. E. HENDERSON, *Respondent,* v. J. E. FARLEY, *Defendant,* SPOKANE COUNTY, *Appellant.*[1]

C. W. Greenough and A. O. Colburn, for appellant.
*Clyde H. Belknap,* for respondent.

[1]Reported in 277 Pac. 852.

328

BEALS, J.—This action was originally instituted before a justice of the peace for Spokane precinct. Judgment having been rendered by the justice in favor of plaintiff and against the defendant for the sum of $49.94, after the entry of this judgment, plaintiff sued out a writ of garnishment directed to Spokane county, a municipal corporation, to which writ the county answered, denying indebtedness on its part to the defendant. Plaintiff controverted this answer, and the trial of the issue so made resulted in an order discharging the county upon its answer, from which order the plaintiff appealed to the superior court.

The case is before us upon the findings of fact, conclusions of law and judgment only, the findings entered by the superior court reading as follows:

"This cause having come on regularly for trial on the 24th day of September, A. D. 1928, upon the appeal of the plaintiff, George E. Henderson from the decision of J. D. Hinkle, justice of the peace in and for Spokane precinct, Spokane county, state of Washington, discharging the said county of Spokane, garnishee defendant, upon its answer, said plaintiff appearing by his attorney, Clyde H. Belknap, and garnishee defendant appearing by its attorney, A. O. Colburn, it was stipulated in open court by the respective parties that judgment having been theretofore entered by said justice court in favor of the plaintiff and against said defendant for the sum of forty-nine dollars and ninety-four cents ($49.94), a writ of garnishment was duly issued and served upon said garnishee defendant on March 29, 1928; that at the time said writ of garnishment was served defendant had worked as a special deputy county assessor for the month of March for said garnishee defendant; at an agreed salary of $125 per month, which was then unpaid; that, at the time of the service of said writ of garnishment, no claim for said service had been filed by said defendant, nor had said garnishee defendant passed upon said claim at the time said writ of garnishment was served; that claim was filed by said defendant the following day after the

service of said writ of garnishment and approved April 8th, thereafter, by the county commissioners; that said garnishee defendant answered to said writ of garnishment that it was not indebted to said defendant at the time of the service of said writ of garnishment, and that said answer was controverted by said plaintiff and upon trial before J. D. Hinkle, justice of the peace aforesaid, the said justice of the peace made. its order discharging said garnishee defendant upon its answer; said stipulation having been made in open court, the court finds said facts to be as stipulated . . . ''

From the findings based upon the stipulated facts, the superior court concluded that the garnishee, Spokane county, was, at the time of service of the writ of garnishment upon it, indebted to the defendant Farley in the sum of $125, and that plaintiff was entitled to an order commanding the auditing body of Spokane county to audit the indebtedness of the county to the defendant Farley as of the time of the service of the writ of garnishment upon the county, and to pay to the plaintiff the amount of the judgment rendered in his favor by the justice of the peace, together with costs.

From a judgment entered in accordance with the foregoing findings of fact and conclusions of law, Spokane county appeals.

The amount in controversy being less than two hundred dollars, this court is vested with jurisdiction only in so far as the action involves the validity of a statute. Rem. Comp. Stat., § 1. Under this section, therefore, the only question with which we are concerned is the invalidity of any statute upon which the judgment of the superior court was based.

Appellant assails the validity of Rem. Comp. Stat., § 1842, which, relating to actions and proceedings in justice courts, provides that, if the plaintiff be not satisfied with an answer filed by a garnishee, he shall inform the justice of that fact, whereupon an

issue shall be formed under the direction of the court and tried as in other cases.

Sections 680-1 and 680-2, Rem. Comp. Stat., read as follows:

"680-1. Counties, cities, towns, school districts and other municipal corporations shall be subject to garnishment in the superior and justice courts, but only after judgment shall have been entered against the defendant in the main action."

"680-2. No regular judgment in garnishment shall be entered against any municipal corporation, but the judge of the superior court, or justice of the peace shall by written order command the auditing officer, or body of such municipal corporation to audit and pay to the judgment creditor the amount due from the garnishee to the principal defendant, not exceeding the amount of the judgment in the main action, whereupon the same shall be paid by the garnishee, provided, nothing in this act shall be construed to impair the rights of defendants to claim exemptions of wages as provided by law."

Appellant contends that these statutes are invalid in so far as they purport to vest a court with jurisdiction to try and determine an issue as to whether or not a county is indebted to the judgment debtor in an action in which a writ of garnishment has been served on such county. It is contended that, as a justice of the peace has no equity powers, such justice cannot audit the accounts of the municipal corporation brought into the action by writ of garnishment, and that the justice, therefore, must accept, as final, the return to the writ of garnishment, whatever it may be, made by such municipal corporation.

Appellant relies upon the case of *Eureka Sandstone Co. v. Pierce County*, 8 Wash. 236, 35 Pac. 1081, in which this court held, by a three to two decision, that, as, under the laws of this state, a county could only be sued upon a contract liability after the rejection in

whole or in part by the board of county commissioners of a claim against the county based on such liability, the county could not be required to answer a writ of garnishment in a case in which the principal defendant could not, under the circumstances disclosed by the record, at that time maintain an action against the county, for the reason that such principal defendant had not presented to the county commissioners any claim which had been by them rejected in whole or in part.

In the case of *Hanson v. Hodge,* 92 Wash. 425, 159 Pac. 388, this court upheld the act of the legislature subjecting salaries of county officials to garnishment after judgment rendered.

At the time the opinion in the case of *Eureka Sandstone Co. v. Pierce County, supra,* was rendered, there was no law in this state providing for the service of writs of garnishment on counties. The opinion is not authority for the proposition that the sections of the statute above quoted, making municipal corporations subject to garnishment, are invalid. Whether or not, in all cases, the remedial procedure provided for by the sections above referred to and quoted, can be invoked, it is not necessary for us at this time to decide. That a remedy afforded by a statute may not always be as broad as the provisions of the statute purport to make it, does not require a holding that the statute is void.

No other authority is cited by appellant in support of its argument that the sections referred to are invalid, and the argument advanced by appellant's counsel does not convince us of the soundness of their theory.

This disposes of the only question open for the consideration of this court, and the judgment rendered is accordingly affirmed.

FULLERTON, TOLMAN, and HOLCOMB, JJ., concur.