[No. 23881. Department Two. November 21, 1932.]

THE NATIONAL ASSOCIATION OF CREDITORS, INC.,
*Appellant,* v. HERB O'SHEA, *Respondent.*[1]

*O. S. Galbreath,* for appellant.
*Neal & Bonneville,* for respondent.

STEINERT, J.—This is an appeal from a judgment of the superior court for Pierce county affirming a judgment entered by a justice of the peace, wherein an action brought by the plaintiff was dismissed and an attorney's fee of twenty-five dollars was assessed against the plaintiff.

The National Association of Creditors, Inc., instituted an action against the defendant, upon an assigned claim, in Tacoma precinct, Pierce county. The defendant appeared specially, and moved to dismiss the action upon the ground that he was a resident of

[1]Reported in 15 P. (2d) 1114.

the city of Seattle, in King county. In the affidavit supporting the motion, the defendant recited that the place of his residence was a city of more than one thousand inhabitants, and that he was, therefore, entitled to have the action dismissed in accordance with the provisions of chapter 75, Laws of 1929, p. 127, relating to justice courts. The motion was granted, and a judgment was entered dismissing the action and assesssing the amount of the attorney's fee. Upon an appeal to the superior court, the judgment of the justice of the peace was in all respects affirmed. Plaintiff has now appealed to this court.

The appellant, by a series of assignments, first attacks the constitutionality of the 1929 act, above referred to, on various grounds. Those questions, however, have already been authoritatively determined by this court in a case wherein this very appellant was a party, and wherein the same argument as here made was strenuously advanced by it. *National Association of Creditors v. Pendleton,* 158 Wash. 137, 290 Pac. 987. We do not feel called upon, therefore, to discuss those questions further, but by simple reference to the former decision indicate our adherence to the views therein expressed.

The appellant, by further assignment, contends that the above act was not intended to apply to the facts involved in this case. This raises merely a question of the construction and applicability of the act as affected by other sections of the statute, and is fully met by the objection that the amount involved is not sufficient to confer jurisdiction upon this court, under Rem. Comp. Stat., § 1. Inasmuch as we have determined that the constitutional objections raised by the appellant to the validity of the 1929 act are not well founded, our inquiry is ended. *Henry v. Thur-*

*ston County,* 31 Wash. 638, 72 Pac. 488; *Henderson v. Farley,* 152 Wash. 327, 329, 277 Pac. 852.

The judgment is affirmed.

TOLMAN, C. J., MAIN, HERMAN, and BEALS, JJ., concur.