[No. 26783. Department One. March 28, 1938.]

LEWIS T. BOSTWICK, *Respondent,* v. WASHINGTON MOTOR COACH COMPANY, *Appellant.*[1]

*Neal, Brodie & Trullinger,* for appellant.

*Don F. Kizer,* for respondent.

HOLCOMB, J.—This action was brought in the justice court in Spokane county to recover the reasonable value of certain baggage. Judgment was entered for respondent, and thereafter appellant appealed to the superior court, which also rendered judgment in favor of respondent. This appeal followed.

In his amended complaint filed in the justice court, respondent alleged that, on June 20, 1936, he became a passenger upon one of the motor busses operated by appellant to be transported from Ellensburg to Spo-

[1]Reported in 77 P. (2d) 790.

kane; that he paid the amount of fare required by appellant for such conveyance, and, as a part of the contract of conveyance, appellant agreed to carry respondent's baggage, consisting of a large Gladstone bag containing a number of items of wearing apparel and other accessories, between the above designated cities; that, while this baggage was in the possession of appellant, it was lost by reason of its negligence; and therefore prayed for judgment in the sum of $99.99, the reasonable value of the baggage.

Appellant answered, admitting respondent became a passenger upon one of its motor busses on the day designated and that it agreed to carry him and his baggage on the date specified by respondent between the points referred to, and that it does not have any knowledge where the missing handbag now is; denying that any of respondent's baggage was lost because of any negligence on its part; and denying that the reasonable value of the baggage was $99.99, or any value in excess of twenty-five dollars.

Appellant set up an affirmative defense alleging that it is a common carrier of passengers and baggage by motor stage operating over various highways in this state, among which is one between Ellensburg and Spokane, under a certificate of convenience and necessity issued by the state department of public service; that, at the time this baggage was checked, appellant had on file with this state department a baggage tariff, designated Washington Motor Coach Company Local and Joint Baggage Tariff No. 100, and under which it was alleged appellant's liability for loss of this baggage could not exceed twenty-five dollars; that appellant tendered a check to respondent payable to his order in full satisfaction for the claimed loss, but respondent refused to accept the same; and that it is

still ready and willing to pay the sum of twenty-five dollars.

Appellant also alleged in support of its contention that the baggage check issued to appellant expressly provided thereon:

"Unless a greater sum is declared by the passenger, and charge is paid for such increased valuation, at time of delivery of baggage to carrier, the value of the baggage checked hereon shall be deemed and agreed to be not in excess of Twenty-five dollars for a whole-fare ticket, and Twelve Dollars and Fifty Cents for a half-fare ticket."

It will be observed that no statutes are referred to in the pleadings of either party.

Error is assigned here on a number of grounds, but at the outset we are confronted with a motion to dismiss the appeal upon the ground that the amount in controversy in this action is less than the sum of two hundred dollars, and the action does not involve the legality of a tax, impost, assessment, toll, municipal fine, or the validity of a statute.

Article IV, § 4, of the constitution of this state, defining the appellate jurisdiction of this court, prescribes:

". . . its appellate jurisdiction shall not extend to civil actions at law for the recovery of money or personal property when the original amount in controversy or the value of the property does not exceed the sum of two hundred dollars, unless the action involves the legality of a tax, impost, assessment, toll, municipal fine, or the validity of a statute."

It is manifest that the amount in controversy is insufficient to bring the action within the appellate jurisdiction of this court, unless the validity of a statute is involved.

Appellant predicates its right to appeal upon the ground that the validity of two statutes, to-wit, Laws

of 1921, chapter 111, § 3, p. 340, Rem. Rev. Stat., § 6389 [P. C. § 234-5], and Laws of 1923, chapter 149, § 1, p. 483, Rem. Rev. Stat., § 3673-1 [P. C. § 482-1], and the regulations and baggage tariff formulated pursuant to these statutes, is involved.

Under Rem. Rev. Stat., § 6389, the department of public service is vested with authority

". . . to fix, alter and amend just, fair, reasonable and sufficient rates, fares, charges, classifications, rules and regulations of each such auto transportation company; to regulate the accounts, service and safety of operations of each such auto transportation company; . . . and to supervise and regulate auto transportation companies in all other matters affecting the relationship between such auto transportation companies and the traveling and shipping public. The commission shall have power and authority, by general order or otherwise, to prescribe rules and regulations in conformity with this act, applicable to any and all such auto transportation companies; and within such limits shall have power and authority to make orders and to prescribe rules and regulations affecting auto transportation companies."

Under Rem. Rev. Stat., § 3673-1, a legislative policy is declared that common carriers generally are to be held accountable for the full actual loss, but an express exception with respect to auto transportation companies is provided as follows:

". . . provided, however, that the provisions hereof respecting liability for full actual loss, damage or injury, notwithstanding any limitation of liability or recovery or representation or agreement or release as to value, and declaring any such limitation to be unlawful and void, shall not apply, first to baggage carried on passenger trains, automobile stages or boats, or trains or boats carrying passengers; . . . and any tariff schedule which may be filed with the Department of Public Works pursuant to such order shall contain specific reference thereto and may establish rates varying with the value so declared or agreed

upon; and the Department of Public Works is hereby empowered to make such order in cases where rates dependent upon and varying with declared or agreed values would, in its opinion, be just and reasonable under the circumstances and conditions surrounding the transportation. . . ."

Pursuant to these two statutes, the department of public works, now department of public service, promulgated Tariff Circular No. 3, bearing General Order No. 6733, adopted February 24, 1934, and effective April 1, 1934. Rule 6(a) thereof provides passenger tariffs shall contain:

"Rules and regulations which govern the tariff, in clear and explicit terms, setting forth all privileges, stopovers, extension of time limit, restrictions outlined in certificate, children's fares, *baggage rules, excess baggage rates,* etc., and the following provision with regard to the refund for unused and partly used tickets: . . ." (Italics ours.)

In accordance with this rule, appellant filed its Local and Joint Baggage Tariff No. 100 with the department of public service, and it was effective at the time of the loss of respondent's baggage.

The relevant tariff rules embodied therein are:

Rule 8(a):

"Subject to limitations shown in Rules 5, 6 and 7, one hundred (100) pounds of baggage or property not exceeding Twenty-five ($25.00) Dollars in value, may be checked without additional charge for each adult passenger and fifty (50) pounds, not exceeding twelve and 50/100 ($12.50) dollars in value, for each child traveling on a half fare ticket."

Rule 9 (c), (d) and (e):

"(c) EXCESS VALUE: Unless a greater value is declared by a passenger and charges paid for excess value at time of delivery to carrier, the value of property belonging to, or checked for a passenger, shall be deemed and agreed to be not in excess of the amounts

specified in Rule 8, and carriers parties to this tariff will not accept liability for a greater sum in case of loss or damage.

" (d) If passenger declares according to the form prescribed by checking carrier, a greater value than specified in Rule 8, there will be a charge at the rate of fifty (50c) cents for each additional fifty ($50.00) dollars valuation, or fraction thereof, total valuation not to exceed limitations in Rule 7. The minimum charge for any shipment of baggage of excess value is fifty (50c) cents.

" (e) Charges for excess value must be prepaid and are separate and distinct from the charges for excess weight."

Appellant contends that the trial court held Rem. Rev. Stat., §§ 6389 and 3673-1, unconstitutional and refused to give effect to the rules of the department of public service formulated pursuant to these statutes and to the provisions of the baggage tariff. It is urged that the lower court paid no attention to the requirement of the tariff that the value must be declared according to the form prescribed and charges paid upon such increased value.

As we view it, this case does not involve the constitutionality of Rem. Rev. Stat., §§ 3673-1, 6389, Rule 6 (a) of Tariff Circular No. 3, or the provisions of appellant's Baggage Tariff No. 100.

The sole question presented to the trial court was one of fact, that is, whether there was a declaration of value by respondent and such a course of conduct that the agent of appellant was thereby apprised at the time the baggage was placed in its custody that the amount of the value of the article necessarily made it fall within Rule 9 (c), the excess value clause of appellant's baggage tariff.

A study of the record discloses that the trial judge did not question the validity of any statute or rule of the state department of public service embodied in

its tariff circular, or the provisions contained in the tariff, but only construed the baggage tariff schedule of appellant.

Respondent positively testified that he advised appellant's agent that the luggage in question was worth between one hundred and one hundred fifty dollars, and that, when he made this claim relative to the value of the baggage, the agent did not suggest in any manner that there was an additional charge for such baggage, and respondent assumed that the ticket paid for included the protection of his luggage and the payment of his fare.

Although the agent of appellant, who sold the ticket to respondent, testified that respondent made no statement as to the value of his luggage, he did testify that the baggage appeared to him to be of a value in excess of twenty-five dollars, and that, together with its contents, exceeded the value of twenty-five dollars.

Thus, the testimony was in sharp conflict in regard to the declaration of the value by respondent. It was a question of fact for the trial judge to determine, who felt that the weight of the testimony and probabilities supported respondent's position.

Having resolved this question of fact in regard to the declaration of the value in favor of respondent, and finding that a declaration of value was, in fact, made by the passenger, the record shows that the trial court considered that a duty devolved upon appellant's agent to direct respondent's attention to Rule 9 (c) of its baggage tariff relating to excess value and to tender the proper form to him so as to enable respondent to pay the appropriate amount to secure adequate protection for his baggage.

This controversy merely involves the construction of the rules of appellant's tariff, made pursuant to Tariff Circular No. 3 of the department, the latter

having been formulated pursuant to Rem. Rev. Stat., §§ 3673-1 and 6389, and not the validity of statutes or rules issued pursuant thereto.

We have repeatedly held this court has no jurisdiction over controversies in which the amount involved is less than two hundred dollars, when the matter presented does not go to the validity of the statute and simply involves the construction of the statute. *Doty v. Krutz,* 13 Wash. 169, 43 Pac. 17; *Henry v. Thurston County,* 31 Wash. 638, 72 Pac. 488; *Gies v. Broad,* 41 Wash. 448, 83 Pac. 1025; *Dilatush v. Roberts,* 131 Wash. 220, 229 Pac. 741; *Henderson v. Farley,* 152 Wash. 327, 277 Pac. 852; *State v. Pearl,* 163 Wash. 268, 1 P. (2d) 315; *National Ass'n of Creditors v. O'Shea,* 170 Wash. 200, 15 P. (2d) 1114. This being true with respect to a statute, it must also be true of a matter not involving the validity, but only the construction of a tariff rule formulated and promulgated pursuant to statutes.

This is a matter over which the trial court has exclusive jurisdiction, since the property does not involve a sufficient amount to invoke the jurisdiction of this court, and hence we express no opinion with respect to the disposition made by the trial court. The constitution intended that a matter of this nature involving less than two hundred dollars should be finally adjudicated by the superior courts.

This appeal must therefore be dismissed.

STEINERT, C. J., MAIN, GERAGHTY, and SIMPSON, JJ., concur.