[No. 5704. Decided September 9, 1905.]

THE UNITED STATES, *for the Use of Standard Furniture Company, Respondent,* v. AETNA INDEMNITY COMPANY, *Appellant.*[1]

STATUTES—U. S. STATUTES REQUIRING BOND OF CONTRACTOR ON PUBLIC WORK—CONSTRUCTION—PROTECTION OF MATERIALMEN. The act of Aug. 13, 1894, 28 Stat. 278, requiring a bond of contractors on public work, is to be liberally construed, and in the case of a contract to build and furnish light-house keepers' residences, extends to parties who supplied the contractor with furniture, although the same does not become a part of the permanent structure.

INDEMNITY—GUARANTEEING FEDERAL CONTRACT—BOND CONDITIONED TO PERFORM CONTRACT AND PAY FOR LABOR AND MATERIAL—CONSTRUCTION—SUPPLYING FURNITURE REQUIRED BY CONTRACT—ACTION ON BOND BY MATERIALMEN. An action upon a bond guaranteeing the performance of a Federal contract may be maintained in the name of the United States for the benefit of one who has furnished the contractor with furniture required in the contract, whether or not the same is contemplated by 28 Stat. 278, requiring bonds on public work for the benefit of materialmen and laborers.

INDEMNITY—PRINCIPAL AND SURETY—EXTENSION OF TIME FOR PAYMENT—DISCHARGE OF SURETY. A compensated surety company guaranteeing the performance of a contractor's bond is not discharged by extending the time for payment by the contractor.

1Reported in 82 Pac. 171.

SAME — TRIAL — EVIDENCE—PROOF OF INDULGENCE AND UNUSUAL CREDIT TO CONTRACTOR—ADMISSIBILITY. An unusual indulgence and extension of time to a contractor, operating to the prejudice of a surety, cannot be shown to discharge the surety, when it is not pleaded.

PLEADING—AMENDMENT. Where a demurrer to a defense has been sustained, and no amendment is offered until the trial, it is not an abuse of discretion to refuse to allow a trial amendment, when the adverse party makes a claim of surprise.

Appeal from a judgment of the superior court for King county, Tallman, J., entered December 5, 1904, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action on a contractor's bond. Affirmed.

*Graves, Palmer, Brown & Murphy,* for appellant, contended, among other things, that the bond should be construed as giving the same relief as furnished by mechanics' liens on private structures. *Ihrig v. Scott,* 5 Wash. 584, 32 Pac. 466; *United States, use Vermont Marble Co. v. Burgdorf,* 13 App. D. C. 506; *Wells & Co. v. Mehl,* 25 Kan. 205; *United States, use Standard Oil Co. v. City Trust etc. Co.,* 21 App. D. C. 369; *Basshor v. Baltimore etc. R. Co.,* 65 Md. 99, 3 Atl. 285; *United States, use Thomas Laughlin Co. v. Morgan,* 111 Fed. 474; *Thomas Laughlin Co. v. American Surety Co.,* 114 Fed. 627; *United States, use Sabine etc. R. Co. v. Hyatt,* 92 Fed. 442; *United States, use of Sica v. Kimpland,* 93 Fed. 403; *American Surety Co. v. Lawrenceville Cement Co.,* 110 Fed. 717; *United States v. Simon,* 98 Fed. 73; *Central Trust Co. v. Texas etc. R. Co.,* 27 Fed. 178; *Vendome Turkish Bath Co. v. Schettler,* 2 Wash. 457, 27 Pac. 76; *Armour & Co. v. Western Const. Co.,* 36 Wash. 529, 78 Pac. 1106.

*Richard Saxe Jones,* for respondent.

CROW, J.—On April 2, 1902, R. M. Henningsen and Thorvald Olsen, copartners under the firm name and style

of R. M. Henningsen & Co., entered into a written contract with W. C. Langfitt, Captain corps of engineers, United States army, engineer of the Thirteenth lighthouse district, for and on behalf of the United States, for the construction, equipment, and furnishing of a certain lighthouse, and two keepers' residences, for the Mary Island lighthouse station of Alaska. The written specifications attached to said contract and made a part thereof expressly required that said contractors should furnish certain furniture for said keepers' residences.

Under the provisions of the act of Congress of August 13, 1894, chapter 280, 28 Stat. 278, the United States government required, and the said contractors furnished, a penal bond in the sum of $20,000, executed by appellant, the Aetna Indemnity Company, as surety, conditioned that said Henningsen & Co. should fully perform said contract and promptly make payments to all persons supplying them with labor and materials in the prosecution of the work therein provided for. Said Henningsen & Co., in the performance of said contract, purchased from respondent, the Standard Furniture Company, certain furniture called for in said stipulations, to the total value of $693, on which they made a partial payment of $400. No further payment being made, this action against said Henningsen & Co. and appellant, the Aetna Indemnity Company, was brought on said bond, to recover $293 remaining due. Appellant, the Aetna Indemnity Company, in its answer, pleaded the following affirmative defenses:

"(1)   For a first further and affirmative defense, this defendant alleges that the goods, wares, and merchandise alleged to have been furnished by the plaintiff were not such goods and merchandise as went into the construction of the buildings, and were not labor and material, within the meaning of the statute, as would entitle this action to be brought in the name of the United States.

"(2)   For a second and further affirmative defense, this defendant alleges that the goods, wares, and merchandise alleged to have been furnished to the defendant, R. M. Hen-

ningsen & Co., were furnished on or about the 17th day of April, 1903, and that the time for payment thereof by the defendant, R. M. Henningsen & Co., was extended without the knowledge or consent of this surety, and to its detriment."

To these defenses, respondent interposed separate demurrers, which the court overruled as to the first but sustained as to the second. Respondent by its reply denied the allegations of said first affirmative defense. Upon trial, findings of fact and conclusions of law were made, and judgment was entered thereon in favor of respondent. From said judgment, this appeal has been taken.

Appellant's first contention is that the materials furnished, being personal property and not having entered into the permanent structures, were not such materials as would give plaintiff a right of action in the name of the United States, under said act of Congress, on the bond in question; and that the trial court therefore erred in refusing to grant appellants motion to dismiss, made at the opening of the case, upon the ground that the complaint did not state facts sufficient to constitute a cause of action; and also erred in refusing a nonsuit. Appellant, in support of the proposition, urges that the object of the act of August 13, 1894, 28 Stat. 278, was to give the same relief by a proceeding upon the bond of a public contractor that could be had by foreclosure of a mechanic's or materialman's lien on a building erected by a private owner, claiming such purpose to have been the evident intent of Congress, and that said statute should receive such construction at the hands of the court. Appellant has cited numerous authorities for the purpose of sustaining its contention that this statute was intended to afford relief to such parties as would ordinarily be entitled to a mechanic's or materialman's lien under statutes of the various states, were the buildings private instead of public. There is no question but that said statute affords such relief to the subcontractors, laborers, and materialmen;

but a remedy for other parties dealing with the contractor is also afforded. The statute in question reads as follows:

"That hereafter any person or persons entering into a formal contract with the United States for the construction of any public building, or the prosecution and completion of any public work or for repairs upon any public building or public work, shall be required before commencing such work to execute the usual penal bond, with good and sufficient sureties, with the additional obligations that such contractor or contractors shall promptly make payments to all persons supplying him or them labor and materials in the prosecution of the work provided for in such contract; and any person or persons making application therefor, and furnishing affidavit to the Department under the direction of which said work is being, or has been, prosecuted, that · labor or materials for the prosecution of such work has been supplied by him or them, and payment for which has not been made, shall be furnished with a certified copy of said contract and bond, upon which said person or persons supplying such labor and materials shall have a right of action, and shall be authorized to bring suit in the name of the United States for his or their use and benefit against said contractor and sureties and to prosecute the same to final judgment and execution; *Provided,* That such action and its prosecutions shall involve the United States in no expense." 28 Stat. 278, c. 280, § 1.

This act should be liberally construed, and from its wording we are of the opinion that, not only are claims of the character suggested by the appellant protected by the bond therein mentioned, but persons furnishing any materials in the prosecution of the work provided for are also protected thereby, even though such materials do not enter into, or become a part of, any permanent structure. The United States circuit court for the district of Maine, in *American Surety Co. v. Lawrenceville Cement Co.,* 110 Fed. 717, at page 719, says:

"In using the expression which we have quoted from the statute and the bond, there can be no question that Congress had somewhat in mind statutes in various states giv-

ing liens on buildings and other property, real and personal, for labor and material. Nevertheless, this statute does not have the same aspect as the ordinary lien statutes referred to, and therefore the latter can afford only very general assistance with reference to the construction of the former. The ordinary lien statutes have been justly and strictly held to cover only what has added to the value of the property against which the lien is asserted, and therefore they are ordinarily administered to protect only what is actually incorporated into its substance. . . . The underlying equity of the lien statutes relates to a direct addition to the substance of the subject-matter of the building, or other thing, to which the lien attaches, while the statute in question concerns every approximate relation of the contractor to that which he has contracted to do. Plainly, the act of Congress and the bond in the case at bar are susceptible of a more liberal construction than the lien statutes referred to, and they should receive it. In the one case, as in the other, the dealings of the person who claims the statutory security must approximate the work, and in the one case as well as in the other there must be · a certain margin within which there will be difficulties in discriminating between what is and what is not protected. Nevertheless, we are not concluded by the decisions with reference to the ordinary state statutory liens. We can apply them only in a general way, and we are not so restricted by them as to require a construction inconsistent with the remedial purposes of the statute now in issue."

See, also, *United States to Use of Tidewater Steel Co. v. Perth Amboy Shipbuilding etc. Co.*, 137 Fed. 689. Under the construction given to said act by the above authorities, which we feel obliged to follow, there can be no question but that respondent was entitled to recover on said bond for the furniture which it sold to said contractors in pursuance of the terms and stipulations of said contract.

But were it to be conceded that said furniture was not contemplated by the statute, it was clearly required by the contract, being a part of its subject-matter. The bond was given to secure the faithful performance of said contract and payment to all parties furnishing any material there-

under.  Appellant under its contract should be held liable, without regard to any statute, as it has by said bond contracted to assume such liability, and there is nothing in said agreement contrary to public policy, nor can any objection be made to it or its terms requiring it to be held invalid.   In *United States to Use of Tidewater Steel Co. v. Perth Amboy Shipbuilding etc. Co., supra,* the United States circuit court for the district of New Jersey, construing said statute and also a bond given thereunder, said:

"Waiving, however, the general character of this last reason, we will for a moment consider the point made under it, that the act of Congress (Act Aug. 13, 1894, c. 280, § 1, 28 Stat. 278 [U. S. Comp. St. 1901, p. 2523]) gives a right of action only to persons supplying labor and materials 'for the construction of any public building, or the prosecution and completion of any public work, or for repairs upon any public building, or public work,' which provision does not include steamers for the harbor service of the quartermaster's department; and counsel cites in support of his proposition definitions of 'public works' from the Century Dictionary and the Am. & Eng. Ency. of Law (2d ed.).  Without quarreling with these definitions, we conclude that the meaning of the words 'public work' in the act is broader and more comprehensive than the dictionary meaning given to 'public works'; that public work is susceptible of application to any constructive work of a public character, and is not limited to fixed works.  The statute should be liberally construed to accomplish its purpose.  But without further discussion of the point, it is quite sufficient to say that, whether the foregoing view is correct or not, the defendants are estopped from setting up such defense; they executed the bond well knowing its intent and purpose, and, since the purpose was not immoral or illegal, they cannot now be heard to deny their liability, voluntarily assumed and undertaken."

We are satisfied that the recovery had by respondents in this action was contemplated by said statute and also by said bond.

Appellant further contends that the court erred in sus-

taining respondent's demurrer to its second affirmative defense. Under authority of *United States Fidelity etc. Co. v. United States,* 191 U. S. 416, 48 L. Ed. 242, we think said demurrer was properly sustained. Appellant also contends that the court erred in sustaining respondent's objection to evidence offered tending to show that, without appellant's knowledge or consent, respondent had granted a certain indulgence and an unusual extension of credit to the contractors Henningsen & Co., and that, if said indulgence had not been granted, Henningsen & Co. would have been able to have responded, or appellant could have indemnified itself. We think said evidence was not admissible under the issues. A demurrer had been properly sustained to the second affirmative defense, and appellant made no attempt to amend at any time prior to the trial. It is true that during the trial appellant requested permission to amend its answer, which request, upon the claim of surprise made by respondent, was refused; but such refusal was not an abuse of discretion.

We find no prejudicial error in the record. The judgment is affirmed.

MOUNT, C. J., HADLEY, FULLERTON, and DUNBAR, JJ., concur.

ROOT, J., having been of counsel, took no part.