[No. 11906.    Department Two.    May 8, 1914.]

HURLEY-MASON COMPANY, *Respondent*, v. AMERICAN
BONDING COMPANY, *Appellant*, WASHINGTON
ENGINEERING COMPANY, *Defendant*.[1]

MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—BONDS—CONDI-
TIONS—"SUPPLIES." A bond given by a contractor to secure payment
of laborers and materialmen upon public work and all persons who
shall supply the contractor with provisions and supplies for the
carrying on of said work, and all just debts, dues and demands in-
curred in the performance of the work, in compliance with Rem. &
Bal. Code, § 1161, covers sums due for the rental value of a pump and
hoist derrick furnished to the contractor in the erection of a city
bridge.

Appeal from a judgment of the superior court for Pierce
county, Easterday, J., entered February 19, 1914, in favor
of the plaintiff, in an action upon an indemnity bond, upon
overruling a demurrer to the complaint.    Affirmed.

*Hayden, Langhorne & Metzger*, for appellant.

*T. L. Stiles*, for respondent.

PARKER, J.—This in an action upon a bond, executed by
the Washington Engineering Company, as principal, and
the American Bonding Company, as surety, under Rem. &
Bal. Code, § 1159 (P. C. 309 § 93), relating to contractors'
bonds to secure debts incurred by them in the performance
of public work.    The defendant bonding company demurred
to the complaint, which demurrer was, by the trial court,
overruled.    Thereupon, the bonding company elected not to
plead further, but to stand upon its demurrer, when judg-
ment was rendered against it by the trial court, as prayed
for in the complaint.    From this disposition of the cause, the
bonding company has appealed.

[1]Reported in 140 Pac. 575.

In the complaint, it is alleged:

"That heretofore, and on or about July 7, 1911, the defendant Washington Engineering Company entered into a contract in writing with the city of Tacoma, a municipal corporation of the first class, located in said county of Pierce, to furnish the labor and material necessary for the erection of a certain vertical lift bridge over the Puyallup river for a consideration of $132,654; and that thereupon, as required by law and the ordinances of said city said Washington Engineering Company as principal and said American Bonding Company of Baltimore, as surety executed and delivered to said city of Tacoma their bond obligatory, wherein and whereby they bound themselves jointly and severally in the penal sum of $33,138.50, that the said principal would faithfully perform all of the provisions of said contract in the manner and within the times therein set forth, and would pay all laborers, mechanics, sub-contractors and materialmen, and all persons who should supply said principal or sub-contractors with provisions and supplies for the carrying on of said work, all just debts, dues and demands incurred in the performance of said work. A copy of said bond is hereto annexed and made a part hereof, being marked 'Plaintiff's Exhibit 'A'.

"That in the performance of said work said Washington Engineering Company required the use of a pump and a hoist derrick, and this plaintiff thereupon at said defendant's instance and request, loaned and rented one pump and one hoist derrick to said defendant for use in the performance of said work and which said defendant used in its performance thereof."

This is followed by an allegation of the reasonable rental value of the pump and hoist derrick and also by an allegation of the filing of the plaintiff's claim with the city against the bond, as provided by Rem. & Bal. Code, § 1161 (P. C. 309 § 97). The conditions of the bond attached as an exhibit to the complaint, so far as we need notice the same here, are that the engineering company,

"shall pay all laborers, mechanics, subcontractors and materialmen and all persons who shall supply said principal or sub-contractors with provisions and supplies for the carry-

ing on of said work, all just debts, dues and demands incurred in the performance of said work."

These conditions of the bond are required by statute.

It is contended by counsel for the bonding company that the rental value of the pump and hoist derrick is not secured by the bond. Our problem is reduced to the inquiry, do the words "provisions and supplies," as used in the statute and bond here relied upon by respondent, include the rental of the pump and hoist derrick furnished by respondent. This question comes at least very near, if not quite, being answered in favor of respondent by our decision in *National Surety Co. v. Bratnober Lumber Co.*, 67 Wash. 601, 122 Pac. 337, where it was held that a bond containing these conditions and given under this statute, secured the value of the services of teams with drivers furnished to the contractor by a third person. Some observations were there made likening such services to labor, but the real ground upon which the holding rests is that the furnishing of the services of teams with drivers was the furnishing of "supplies," within the meaning of the law and the conditions of the bond. A number of decisions are relied upon by counsel for the bonding company which have to do with the construction of lien laws securing liens for labor performed upon, or material furnished in, the structure involved. We think, however, a critical reading of these decisions will demonstrate that they are not controlling here. We will notice the principal decisions so relied upon by counsel for appellant.

In *Hall v. Cowen*, 51 Wash. 295, 98 Pac. 670, it was held that a claim for the rental of scrapers due to their owner from a contractor who used them in clearing and grading lots, was not a lienable claim under the statute giving a lien upon land in favor of one who, at the request of the owner, "clears, grades, fills in, or otherwise improves the same." That statute does not give a lien to one furnishing provisions or supplies to the contractor.

In *Gilbert Hunt Co. v. Parry*, 59 Wash. 646, 110 Pac. 541, Ann. Cas. 1912 B. 225, we held that the mechanics' lien statute which gives liens to "persons performing labor upon, or furnishing material to be used in, the construction" of buildings, etc., does not award a lien except for labor performed upon, and for material going into, and becoming a part of, the structure. "Provisions and supplies" are not mentioned in that law.

In *Troy Public Works Co. v. Yonkers*, 207 N. Y. 81, 100 N. E. 700, 44 L. R. A. (N. S.) 311, it was held that a lien law giving a lien upon certain funds for "materials" furnished to a municipal contractor does not give a lien for rent of a steam shovel leased to the contractor, the word "material" as there used being held to mean that which is used in the creation of the mechanical structure. "Provisions and supplies" were not mentioned in the law securing the lien sought to be established.

In *Potter Mfg. Co. v. Meyer & Co.*, 171 Ind. 513, 86 N. E. 837, 131 Am. St. 267, a lien law giving a mechanics' lien for labor performed on a structure was held not to secure the rent of a machine used by the contractor in the work. The words "provisions and supplies" were in no way involved in the lien right there claimed.

In *McAuliffe v. Jorgenson*, 107 Wis. 132, 82 N. W. 706, there was involved compensation for the use of a well-boring machine hired to the contractor by its owner. It was held that the owner of the machine was not secured by a lien law giving a lien for "work and labor" performed and "materials" furnished, which law was silent as to "provisions and supplies."

In the following cases, the rights involved were contractual, and claimed under bonds or guaranties of the nature here involved. In *Kansas City etc. v. Youmans*, 213 Mo. 151, 112 S. W. 225, there was involved a guaranty contract by the provisions of which the contractor was "to pay for the work and labor of all laborers and teamsters, teams and

wagons employed on the work and for all materials used therein." Under this contract, the guarantor was held not liable to pay for tools, implements and appliances sold to the contractor, upon the ground that they were not "materials" within the meaning of the guaranty, since they did not enter into and become a part of the structure. "Provisions and supplies" were not there involved.

In *Standard Boiler Works v. National Surety Co.*, 71 Wash. 28, 127 Pac. 573, 43 L. R. A. (N. S.) 162, we held that repairs made upon a steam shovel used by the contractor in the construction of the improvement covered by his contract was not secured by the provisions of a bond given under this statute, conditioned as the bond is in this case. In *City Retail Lumber Co. v. Title Guaranty & Surety Co.*, 72 Wash. 300, 130 Pac. 345, we held that the purchase price of railroad ties sold to a contractor to be used in a temporary track in the construction of an improvement covered by his contract was not secured by a bond conditioned as this bond is and given under this statute. These decisions were rested largely upon the theory that neither the repairs upon the shovel nor the ties furnished for the temporary railway entered into or became a part of the structure, nor were they consumed in the doing of the work, and were, therefore, not "provisions or supplies," within the meaning of the law and the conditions of the bonds.

It is argued by counsel for appellant that the use of the pump and hoist derrick furnished by respondents to the engineering company in this case belong, in principle, to the same class as claims for repairs upon the steam shovel and the purchase price of the ties involved in the two cases above noticed. We do not think so. It is not in this case a question whether or not the pump and hoist derrick were consumed in this work; we assume that they were not; at least, not necessarily so, and that probably would be the test; but it is a question of whether or not their use may be regarded as the thing which was actually consumed in the performance of

the work.  We think that is the thing which was furnished and for which respondent is entitled to compensation.  That use was a property right.  It was entirely consumed and passed into the structure as much as labor thereon did, and was sold to the engineering company for that purpose by respondent, if the allegations of its complaint be true.  It was not taken away by the contractor as a part of his tools and appliances, as the repairs upon the steam shovel and the railway ties were in the cases last above noticed.  A review of the decisions will show that "materials" are generally held to be only those things which go into and become a physical part of the structure, though explosives have been held to be materials (*Kansas City etc. v. Youmans, supra*) ; while supplies have been held to mean that which is consumed in, but does not become a physical part of, the structure.  The word "supplies" is used to designate things of this nature, other than labor.  It must be conceded that this approaches very close to the line between secured and unsecured items under this statute and bonds given in pursuance thereof.  That, however, does not argue for or against the holding that this is a secured item.  The line of demarcation between secured and unsecured items must be found somewhere.  We are of the opinion that, in view of the broad language of the statute, and the bond given in pursuance thereof, this item falls within the class of secured claims, however close to the line of demarcation it may be regarded as being.

The judgment is affirmed.

CROW, C. J., FULLERTON, MOUNT, and MORRIS, JJ., concur.