[No. 14959.  Department One.  January 10, 1919.]

GEORGE W. LEDINGHAM *et al., Appellants*, v. THE CITY
OF BLAINE *et al., Respondents.*[1]

MUNICIPAL CORPORATIONS (159-1)—PUBLIC IMPROVEMENTS—CON-
TRACTOR'S BONDS—"SUPPLIES"—NOTICE.  A subcontractor supplying
a man and team on municipal work furnishes "labor" to the extent
of the man's wages, and "supplies" in the use of the team; and
under Rem. Code, § 1159-1, cannot recover on the contractor's bond
for the value of the "supplies," where he failed to give notice there-
of within ten days of furnishing the same as required by the act.

STATUTES (69)—CONSTRUCTION—REFERENCE TO OTHER STATUTES.
It will be assumed that the judicial definition of "supplies" prior to
Rem. Code, § 1159-1, giving a right of action on a contractor's bond,
was incorporated therein on the passage of that act.

Appeal from a judgment of the superior court for
Whatcom county, Hardin, J., entered April 3, 1918,
upon findings in favor of the defendants, in an action
to determine the validity of claims against a contrac-
tor's bond, tried to the court.  Reversed.

*Walter B. Whitcomb,* for appellants.
*Sather & Livesey,* for respondents.

MACKINTOSH, J.—Respondent Schrimser furnished a
team and driver for work upon a contract for the grad-
ing of streets in the city of Blaine, the team and driver
were furnished to a subcontractor, who agreed to pay
therefor $6.50 per day; $2.50 representing the man's
wages, and $4 representing pay for the use of the
team.  Schrimser, not having been paid, filed notice of
claim against the bond furnished by the principal con-
tractor, and in this action is asserting that claim.
Schrimser did not, within ten days after beginning to
furnish the use of the man and team to the subcon-

[1]Reported in 177 Pac. 783.

tractor, notify the principal contractor in writing that he had commenced to deliver materials, supplies or provisions for use upon the work.

The claimant rests his right to recover without having given the ten days' notice required by ch. 167, Laws of 1915, p. 525 (Rem. Code, § 1159-1), upon the theory that he was not furnishing *materials, supplies* or *provisions,* but was furnishing *labor.*

There is no question that the furnishing of a man for work would be furnishing *labor,* and it is equally as unquestionable that the furnishing of a team would be furnishing a *supply. National Surety Co. v. Bratnober Lumber Company,* 67 Wash. 601, 122 Pac. 337; *Hurley-Mason Co. v. American Bonding Co.,* 79 Wash. 564, 140 Pac. 575; *State Bank of Seattle v. Ruthe,* 90 Wash. 636, 156 Pac. 540. These cases defined the use of teams as a *supply* under the law as it existed prior to the passage of the law of 1915, but we must assume that, when this law was passed, there was incorporated in it the judicial definition that had theretofore been given to the word *supply.*

The record before us shows that Schrimser was furnishing both labor and supplies, for his contract called for $2.50 per day for the wages of the driver, and these have already been paid, and $4 per day for the use of the team, the contract being thus severable, both by its terms and by its performance. The claim for the amount due for the use of the team is not collectible in this action against the principal contractor and his bond, no notice having been given of the commencement of the furnishing of the supply.

The decree of the lower court is reversed.

MAIN, C. J., TOLMAN, CHADWICK, and MITCHELL, JJ., concur.