[No. 17408.   Department Two.   February 10, 1923.]

R. P. SUTHERLAND, *Respondent*, v. J. L. SMITH *et al.,*
*Appellants.*[1]

MUNICIPAL CORPORATIONS (158, 159-2)—PUBLIC IMPROVEMENTS—
CONTRACTOR'S BONDS—PERSONS SECURED—EMPLOYEES OF SUBCONTRAC-
TOR—NOTICE OF FURNISHING.  Rem. Comp. Stat., § 1159-1, requiring
materialmen to give notice to the contractor cn public work of the
furnishing of supplies to any subcontractor, in order to hold the
contractor and his bondsmen, has no application to one who was
employed to haul materials with his own truck at a stated consid-
eration per day; since he is a laborer and not furnishing "supplies."

Appeal from a judgment of the superior court for
King county, Tallman, J., entered June 22, 1921, in
favor of the plaintiff, in an action on contract, tried
to the court.  Affirmed.

*Chas. H. Paul,* for appellants.

*Stanley J. Padden,* for respondent.

FULLERTON, J.—Respondent R. P. Sutherland and
others, from whom he has assignments, were employed
at the rate of $3.50 an hour by Stone & McGuire, sub-
contractors, to haul materials for a street grading job
in the city of Seattle.   For the performance of the
work, the appellant J. L. Smith was the principal con-
tractor, and had given the usual statutory bond re-
quired in such case.   The subcontractors had failed to
pay for the services of the respondent and his assign-
ors, and this action was brought to recover therefor
against Smith and his bondsman.  The defense to the
action was that, inasmuch as respondent and his as-
signors furnished their own trucks with which to do
the hauling, the services performed was a furnishing
of materials and supplies, and that the action must
fail because no notice in writing was given to the gen-
eral contractor as required by § 1159-1, Rem. Comp.

[1]Reported in 212 Pac. 1060.

Stat.   The court below held that the respondent and his assignors were laborers and entitled to recover as such, and from a judgment in respondent's favor, this appeal is prosecuted.

In our opinion, the judgment is right under the authority of *Bishop v. Ryan Construction Co.*, 106 Wash. 254, 180 Pac. 126.   In that case it was held that a subcontractor, in hauling sand and gravel for use in road work, furnished labor, and was thus not within the provisions of section of the statute cited, requiring notice within ten days to the principal contractor of the furnishing of materials, supplies and provisions.   In that case it is said:

"It is our opinion that this statute has no application to the respondent's situation.   It will be observed that the notice is required only of those furnishing materials, supplies or provisions to the subcontractor or agent.   The respondent in no sense agreed to furnish either materials, supplies or provisions.   He contracted to do hauling, that is, to furnish labor, and the statute does not require notice in such cases.   The cases of *National Surety Co. v. Bratnober Lumber Co.*, 67 Wash. 601, 122 Pac. 337, and *Hurley Mason Co. v. American Bonding Co.*, 79 Wash. 564, 140 Pac. 575, cited and relied upon by the appellants, are not in point.   In the first of these cases, the lien claimant furnished teams with drivers for a stated consideration per day; and in the second, the claimant leased to the contractor a pump and hoist-derrick for a stated consideration.   It was held in each case that this was the furnishing of supplies, and was thus within the terms of the statute giving a right of action upon the bond of the contractor for the furnishing of supplies.   Being a contract to furnish supplies, the statute relating to notice of the time of commencing to furnish them would have application; but such is not the situation in the present case.   The respondent did not lease or rent any part of his equipment to the subcontractor.   His contract was to convey material from the subcontractor's bunkers to such places on the

highways contracted to be improved as the subcontract-or should direct. While equipment was required to move the material, there was no furnishing or leasing of the equipment to the use of the subcontractor, and consequently no furnishing of materials or supplies for which a notice must be given.''

The case of *Neary v. Puget Sound Engineering Co.,* 114 Wash. 1, 194 Pac. 830, is distinguishable. In that case the person under whom the laborers claimed was held to be a materialman, not a subcontractor, and that the laborers, being the employees of the materialman, had no rights under the principal contractor's bond. The case does not purport to overrule our prior holding on the question here presented.

The other cases relied upon by the appellants require no special consideration. The distinguishing principle sought to be announced in them is this: If a person lets to a subcontractor of a public contractor a truck or team for hire, whether for a stated consideration for fixed periods of time or otherwise, he furnishes a supply, and cannot claim against the principal contractor or his bondsman unless he gives the statutory notice. On the other hand, if his contract is to perform labor by himself and his truck or team at a stated consideration for fixed periods of time, he is a laborer, and may recover from the principal contractor and his bondsman at the contract rate (or, at least, for the reasonable value of the services up to the contract rate) 'for the services without giving the statutory notice.

Whether this distinction is sound in principle, we shall not now inquire. It has become established by our prior decisions, and more harm would be done by a change in the rule than by an adherence to it.

The judgment is affirmed.

MAIN, C. J., PARKER, and TOLMAN, JJ., concur.