[No. 17533.   Department One.   March 8, 1923.]

NEAL TURNER, *Appellant*, v. L. S. FURLEIGH *et al.*, *Respondents.*[1]

AGRICULTURE (4)—LIENS—RIGHT TO—CLEARING LAND. A dealer, furnishing blasting powder to a contractor clearing land, is not entitled to a lien, under Rem. Comp. Stat., § 1131, giving a lien to any person who at the request of the owner of land "clears . . . . or otherwise improves" the same; nor under § 1129, giving a lien to one furnishing materials for other specified construction and work, not including clearing land.

Appeal from a judgment of the superior court for King county, Ronald, J., entered June 10, 1922, upon sustaining a demurrer to the complaint, dismissing an action to foreclose a materialman's lien. Affirmed.

*Baxter & Jones*, for appellant.

*Poe & Falknor*, for respondents.

[1] Reported in 213 Pac. 454.

Holcomb, J.—This appeal is to determine whether a dealer who sells blasting powder to a contractor who is engaged to clear logged-off land has a lien on the land for the value of the powder furnished to the contractor.

Respondents, other than Furleigh, owned a tract of logged-off land on Mercer Island, King county, and employed defendant Furleigh to clear it.

Appellant was a dealer in powder, such as is used in blowing out stumps, and sold a quantity of it to Furleigh, which was used by him in clearing the land, which was known to respondents. Furleigh having failed to pay for the powder, appellant, within the statutory time, filed a lien on respondents' land in proper form, for the amount due, and instituted timely action seeking foreclosure of the lien against the real estate. A general demurrer to appellant's amended complaint was sustained, and upon the refusal of appellant to plead further, the action was dismissed.

The statute claimed by appellant to provide a lien for him is as follows:

"Any person who, at the request of the owner of any real property, his agent, contractor or sub-contractor, clears, grades, fills in or otherwise improves the same . . . . has a lien upon such real property for the labor performed, or the materials furnished." Rem. Comp. Stat., § 1131.

Respondents contended, with which the lower court agreed, that had the contractor furnished his own materials, or procured the materials and paid for the same himself, he could have claimed a lien, but that appellant, who furnished the powder to a contractor; had no lien. Appellant attaches much importance to the provision that, "one who improves the real property at the request of the owner, his agent, contractor

or sub-contractor" has a lien for the materials furnished.

The question to be determined is not whether a lien exists for the furnishing of such materials as blasting powder, and we will concede, for the purpose of this argument, that blasting powder is such a material as contemplated by the statute when used by a contractor for construction work or for clearing *(Giant Powder Co. v. Oregon-Pacific R. Co.,* 8 L. R. A. (Ore.) 700); and that the contractor may have had a lien for powder had he furnished it to clear the land, under the statute quoted. And that clearing logged-off land of the stumps is improving the land is a self-evident truth.

The statute in question is a part of ch. 24, Laws of 1893, p. 32 (Rem. Comp. Stat., § 1129), and § 1 of that chapter provides for liens of mechanics and materialmen. Section 3 is the section now involved. Appellant brings to his aid § 10 (Rem. Comp. Stat., § 1139), which provides that the contractor shall be entitled to recover upon the claim filed by him such amount as may be due him according to the terms of his contract, after deducting all claims of other parties for labor performed and materials furnished, and in all cases where a claim shall be filed under this chapter for labor performed or materials furnished under any contract, he shall defend any action brought thereon at his own expense. Appellant also brings to his aid the provision of the statute regarding liens. Section 1147, Rem. Comp. Stat., that "The provisions of law relating to liens created by this chapter, and all proceedings thereunder, shall be liberally construed, with a view to effect their objects."

But, "although a mechanic's lien is said to be a favorite of the law, the statute cannot be so extended as to be applied to cases which do not fall within its

provisions." 18 R. C. L., p. 879, § 6. And again: "A statute declaring that the mechanic's lien law should be liberally construed has been considered as applicable only to the provisions with respect to the remedies and pleadings, and not to the question whether a lien could attach at all." 18 R. C. L., p. 879, § 5.

As to whether the lien can attach at all for a person so situated as appellant, we must look to the statute creating such liens, § 1131, *supra*. It says: "Any person who, at the request of the owner, ; . . . clears, grades, fills in or otherwise improves the same, . . . . . has a lien . . . ." Section 1 of the chapter (§ 1129, Rem. Comp. Stat.), in the very act creating a lien, provides a lien for "Every person performing labor upon or *furnishing material to be used* in the construction, . ; . . ." etc. While this section only provides for a lien for any person who "clears, grades, fills in, or otherwise improves the same", it does not grant the right of lien to the one furnishing material independently of the one performing the labor or having a contract for the improvement. Had the legislature intended that the materialman should be expressly provided with the right of lien, undoubtedly it would have adopted the same clear language used in § 1129.

Appellant seems to rely upon the theory that the person who sells powder to the contractor thereby himself improves the land. This is fallacious. The improver is the one who does the work or furnishes it. We have held that one who rents scrapers to improve land under this section is neither furnishing labor or material. *Hall v. Cowen*, 51 Wash. 295, 98 Pac. 670; *Sound Transfer Co. v. Phinney Realty & Investment Co.*, 71 Wash. 473, 128 Pac. 1047.

We conclude, therefore, that the appellant here is not within the class granted the right of lien for improvements upon real property by furnishing material

to the one who performs the work of improving.

The judgment is affirmed.

MAIN, C. J., BRIDGES, MACKINTOSH, and MITCHELL, JJ., concur.