[No. 23344. Department One. January 2, 1932.]

STANDARD OIL COMPANY, *Appellant*, v. LONG-BELL LUMBER COMPANY, *Respondent*.[1]

*Dey, Hampson & Nelson, Andrew Koerner,* and *Atwell & Moore,* for appellant.

*Wilbur, Becket, Howell & Oppenheimer, Charles H. Paul,* and *Imus & Imus,* for respondent.

PARKER, J.—The plaintiff oil company seeks foreclosure of its claim of lien against certain timber land of the defendant lumber company, for the reasonable value of gasoline and oil furnished by the plaintiff to operate machinery used to clear, grub and grade a roadbed for the lumber company's logging railway to remove the timber from the land. The cause, being of equitable cognizance, proceeded to trial in the supe-

[1]Reported in 6 P. (2d) 402.

rior court for Cowlitz county sitting without a jury, resulting in findings and judgment denying to the oil company relief as prayed for, from which it has appealed to this court.

The lumber company, being the owner of the land in question, entered into a contract with the Pacific Construction Company by which that company was to clear, grub and grade roadbeds for railway tracks to remove timber from that land and other lands owned by the lumber company. The construction company soon thereafter entered into a sub-contract with Luther Smith by which he was to clear, grub and grade a certain specific portion of the work to be done upon the land in question. Thereafter, during the progress of the performance of Smith's sub-contract, there were sold and delivered to him by the oil company gasoline and oil for the operation, and which were used in the operation, of his machinery in carrying on the work of his sub-contract.

The oil company rests its claim of lien and its right of foreclosure thereof upon Rem. Comp. Stat., § 1131, as amended by chapter 230, Laws of 1929, p. 667, reading as follows:

"Any person who, at the request of the owner of any real property, his agent, contractor or sub-contractor, clears, grades, fills in or otherwise improves the same, or any street or road in front of, or adjoining the same, *and every person who, at the request of the owner of any real property, his agents, contractor, or sub-contractor, furnishes materials, including blasting powder, dynamite, caps and fuses, for clearing, grading, filling in, or otherwise improving any real property or any street or road in front of or adjoining the same,* has a lien upon such real property for the labor performed, or the materials furnished for such purposes."

We have italicized the words which were embodied in that section by the amendment of 1929. These italicized words clearly define the word "materials," as used in the section, as including "blasting powder, dynamite, caps and fuses." No other language of the section expressly or impliedly brings within or expands the meaning of the word "materials" beyond its meaning, standing alone, as heretofore determined by our decisions under our lien statutes. Our problem is: Does the word "materials," as used in this section, include gasoline and oil furnished, as in this case?

This is a lien statute giving a lien "for labor performed or material furnished," as Rem. Comp. Stat., § 1129, gives a lien "for labor performed or material furnished." This is not a question of liability of a surety upon a bond under Rem. Comp. Stat., § 1159, to secure payment by contractors doing public work to those furnishing them "with provisions and supplies for the carrying on of such work." We have repeatedly held that the word "materials" in our lien statutes, when unqualified by accompanying words, does not include provisions and supplies, and that the word "materials," so used, means those things that are to become a part of the physical structure of the improvement. *Armour & Co. v. Western Const. Co.,* 36 Wash. 529, 78 Pac. 1106; *Hall v. Cowen,* 51 Wash. 295, 98 Pac. 670; *Tsutakawa v. Kumamoto,* 53 Wash. 231, 101 Pac. 869, 102 Pac. 766; *Mitchell v. Berlin-McNitt Co.,* 91 Wash. 582, 158 Pac. 264; *Turner v. Furleigh,* 124 Wash. 45, 213 Pac. 454. In the last cited case, we held that one who furnished to a contractor blasting powder for clearing land did not have a lien upon the land therefor under § 1131, as it read before amended by the act of 1929.

We cannot see that the amendment brought gasoline and oil, which, according to our holdings,

would not be "materials," but would be supplies or provisions, within the meaning of the word "materials," as used in the section. The section, as amended, manifestly brought no supplies or provisions within the meaning of the word "materials" other than "blasting powder, dynamite, caps and fuses." Indeed, the express enumeration of "blasting powder, dynamite, caps and fuses," as being included in the word "materials," inferentially negatives the idea of any other supplies or provisions being intended to be included in the word "materials."

Our decisions in *National Surety Co. v. Bratnober Lumber Co.*, 67 Wash. 601, 122 Pac. 337, and *National Grocery Co. v. Maryland Cas. Co.*, 148 Wash. 387, 269 Pac. 4, 65 A. L. R. 256, discuss at some length and point out the distinction between liens "for labor performed or material furnished" and claims for "provisions and supplies" furnished to contractors doing public work under Rem. Comp. Stat., § 1159. We are of the opinion that "blasting powder, dynamite, caps and fuses," which ordinarily would be regarded as supplies under our decisions, are by § 1131, as amended, included in the word "materials" only because expressly so declared by that section.

The seeming conflict in the decisions of other courts touching subjects of this general nature, we think, may be largely accounted for by the difference in statutes considered in those decisions.

The judgment is affirmed.

TOLMAN, C. J., BEELER, HERMAN, and MITCHELL, JJ., concur.