[No. 23683. Department Two. June 15, 1932.]

WESTERN CLINIC & HOSPITAL ASSOCIATION, *Appellant,*
v. GABRIEL CONSTRUCTION COMPANY *et al.,*
*Respondents.*[1]

*H. P. Jones* and *Ralph W. Thompson,* for appellant.
*John Lichty,* for respondent.

HOLCOMB, J.—Appellant sued to enforce a lien right upon the fifteen per cent retention fund held by municipal corporations under the provisions of Rem. Comp. Stat., § 10320, against the contractor, the subcontractor and the municipal corporation of Tacoma.

The Western Pipe & Steel Company was the principal contractor with Tacoma in the construction of what is known as the surge tanks and penstocks for Cushman power plant No. 2, which company sublet a part of the work to the Gabriel Construction Company. Appellant, in accordance with the provisions of Rem. Comp. Stat., § 7673 to 7796, inclusive, and amendments

[1]Reported in 12 P. (2d) 417.

thereto, entered into a contract with the principal contractor to furnish the medical, surgical, hospital care and treatment, ambulance service, first aid kits, and the like, necessary for the care and treatment of workmen upon the work, and for other services provided for by the medical aid law. It proceeded with the furnishing of the items required by those sections, and continued furnishing them until the time when Gabriel Construction Company defaulted the performance of its contract, and Western Pipe & Steel Company assumed its performance.

The amount of the charges for these services and the value thereof were fixed by the medical aid law, *supra,* and by the contract.

The claim of appellant for the sum of $960.83, with interest and attorney's fees, is for supplies in the nature of first aid equipment placed on the job, the maintenance of a first aid station close to the job which was equipped with X-ray machines, medicines, physicians, nurses, supplies, hospitalization, laboratory work, and with a physician and ambulance stationed on the works.

Upon default of the construction company in payment for these services, a notice of lien was filed as provided by § 10320, *supra,* whereupon the city withheld from payment to the contractor the sum of $2,119.56. Within the time provided by law thereafter, appellant commenced this action, and the city, in accordance with the statute, certified the above sum to be on hand. The Western Pipe & Steel Company appeared in the action, admitted the filing of the claim and that the Gabriel Construction Company was a subcontractor under it on the work involved.

The matter being tried before the court without a jury, at the conclusion thereof the court held that the claim of appellant was not of such a nature as to bring

.it within the scope of § 10320, *supra,* and dismissed the action.

The only issue necessary for us to determine, in this case of first impression anywhere, so far as we can discover, is whether appellant comes within the class of persons enumerated in that section. The portion of that section relied upon by appellant reads:

" . . . said sum to be retained by the . . . city as a trust fund for the protection and payment of any person or persons, mechanic, sub-contractor or material man who shall perform any labor upon such contract or the doing of said work, and all persons who shall supply such person or persons or sub-contractors with provisions and supplies for the carrying on of such work."

We have announced the principle that, although a mechanic's lien is said to be a favorite of the law, the statute cannot be so extended as to apply to cases which do not fall within its provisions; that a statute declaring that a mechanic's lien law should be liberally construed is applicable only to the provisions with re-·spect to the remedies and pleadings, and not to the question whether a lien could attach at all; and that, as to whether the lien can attach at all, we must look to the statute creating such liens. *Turner v. Furleigh,* 124 Wash. 45, 213 Pac. 454.

The cases cited by appellant from this and other courts, throw little light upon this question, either by their reasoning or results. It is correct that we have held, as in *King County v. Guardian Casualty & Guaranty Co.,* 103 Wash. 509, 175 Pac. 166, that the rental value of a scow used in handling a concrete mixer, to-. gether with some other equipment, and the rental value of tugs which towed the scows that were loaded with material, were proper items of liens as supplies entering into and necessary to the prosecution of the work.

This was upon the same principle as in *Ledingham v. Blaine,* 105 Wash. 253, 177 Pac. 783, which held that the supplying of a team and driver furnished labor to the extent of the man's wages and supplies in the use of the team, as

"There is no question that the furnishing of a man for work would be furnishing labor, and it is equally as unquestionable that the furnishing of a team would be furnishing a supply."

Equally inapt are the cases of *National Surety Co. v. Bratnober Lumber Co.,* 67 Wash. 601, 122 Pac. 337; *Hurley-Mason Co. v. American Bonding Co.,* 79 Wash. 564, 140 Pac. 575; *Neary v. Puget Sound Engineering Co.,* 114 Wash. 1, 194 Pac. 830; and *Rogers v. Rowland, ante* p. 148, 10 P. (2d) 988. In fact, the reasoning and conclusion in the last cited case, which analyzes the case of *Brogan v. National Surety Co.,* 246 U. S. 257, followed and approved in *National Grocery Co. v. Maryland Casualty Co.,* 148 Wash. 387, 269 Pac. 4, 65 A. L. R. 256, and distinguishing them because of the special circumstances existing in each of them, is contrary to the contention of appellant.

We have repeatedly defined materials as including such articles only as enter into and form a part of the finished structure. *Gate City Lumber Co. v. Montesano,* 60 Wash. 586, 111 Pac. 799; *United States Rubber Co. v. American Bonding Co.,* 86 Wash. 180, 149 Pac. 706, L. R. A. 1915F, 951; *Mitchell v. Berlin-McNitt Co.,* 91 Wash. 582, 158 Pac. 264.

"Provisions" have been defined practically unanimously as things in the nature of meats and groceries. Since the word "supplies" was added to the former statute providing for such liens only for "materials," we have construed the word to mean articles furnished for carrying on the work, which, from its nature, were

necessarily consumed by use in the work. *United States Rubber Co. v. American Bonding Co., supra.*

By no liberality of construction can it be said that, under § 10320, *supra,* a physician or surgeon medically treating or performing surgery upon a laborer employed upon the work, would be a laborer; or that medicines, drugs, apparatus or bandages used in the performance of an operation, would be provisions or supplies for the carrying on of such work. Nor can it be considered that the services of the hospital, with its first aid attendants, X-ray machines, nurses, bandages and other appliances, are provisions or supplies furnished to the contractors or subcontractors for the carrying on of such work. They are even more remote than would be the physician or surgeon.

We agree with respondents that it would require specific designations in the legislative enactment authorizing such recoveries by such persons and institutions, to enable them to share in the retained percentage.

The judgment of the court is right, and is affirmed.

TOLMAN, C. J., MAIN, BEALS, and MILLARD, JJ., concur.