[Nos. 30272, 30273. Department One. November 10, 1947.]

R. H. HAMILTON, *Appellant,* v. D. F. WHITTAKER, *Defendant,* UNITED STATES FIDELITY & GUARANTY COMPANY, *Respondent.*

WILLAMETTE HAULING COMPANY, *Appellant,* v. D. F. WHITTAKER *et al., Defendants,* UNITED STATES FIDELITY & GUARANTY COMPANY, *Respondent.*[1]

[1]Reported in 186 P. (2d) 609.

*Rhodes & Franklin,* for appellant R. H. Hamilton.

*Ellis & Ellis* and *Lenihan & Ivers,* for appellant Willamette Hauling Company.

*McClure & McClure,* for respondent.

SIMPSON, J.—The question presented by this appeal is whether, under the statutes governing public contracts, a charge for freight, or the cost of transportation of equipment used by a contractor in the performance of his contract, is an enforcible claim against the retained percentage, or against the bond filed by the contractor?

The two cases presenting the question were consolidated for trial and will be so considered on this appeal.

The trial court found that the charges were not lienable and entered judgment accordingly.

Appellants' assignment of error challenges the correctness of the judgment of the trial court.

The facts, as properly summarized by the trial court, are: The appellants are common carriers of heavy machinery and equipment by motor vehicle. As such, they were separately employed by defendant, D. F. Whittaker, to transport road-building machinery and equipment to and from the site of a road construction project which Whittaker was performing pursuant to a contract with the department of highways of the state of Washington. Whittaker defaulted on his contract and failed to pay the transportation charges. Appellants instituted actions to enforce payment and joined as defendant, respondent United States Fidelity & Guaranty Company, which had signed as surety on Whittaker's bond. The department of highways filed its certificate and paid into court the percentage of the contract price which it had retained.

Appellants take the position that they are entitled to recover their charges because of the provisions of Rem. Rev. Stat., §§ 1159 and 10320 [P.P.C. §§ 180-41 and 180-49]. They argue that the provisions of the statutes are general and

all-inclusive, intended to protect everyone who contributes "towards the completion of said improvement," or "for the carrying on of such work."

Respondent, on the other hand, maintains that appellants did not perform labor on the contract; that freight on equipment is not "provisions," and therefore the claims cannot be allowed.

Rem. Rev. Stat., § 1159, provides in part that contractors on public work execute and deliver a bond,

". . . conditioned that such person or persons shall faithfully perform all the provisions of such contract and pay all laborers, mechanics and subcontractors and materialmen, and all persons who shall supply such person or persons, or subcontractors, with provisions and supplies for the carrying on of such work. . . ."

Rem. Rev. Stat., § 10320, contains the following provision:

"That contracts for public improvements or work by the state, . . . shall provide, and there shall be reserved from the moneys earned by the contractor . . . a sum equal to fifteen per cent (15%) . . . , said sum to be retained by the state, . . . as a trust fund for the protection and payment of any person or persons, mechanic, subcontractor or materialman who shall perform any labor upon such contract or the doing of said work, and all persons who shall supply such person or persons or subcontractors with provisions and supplies for the carrying on of such work. . . . every person performing labor or furnishing supplies towards the completion of said improvement or work shall have a lien upon said fund so reserved. . . ."

■ We agree with the conclusion of the trial court. It is the duty of contractors on public works to furnish, at their own expense, the machinery and equipment necessary to perform the work.

In *Standard Boiler Works v. National Surety Co.*, 71 Wash. 28, 127 Pac. 573, 43 L. R. A. (N.S.) 162, we held that charges for the repair of a steam shovel, which was rented and used by a contractor engaged in improving a street, was not a lienable item as against the contractor's bond. In

passing, we quoted with approval from *Kansas City etc. v. Youmans*, 213 Mo. 151, 112 S. W. 225:

" 'The contract presupposes that the contractor has and will furnish upon his own account the necessary tools, implements and appliances with which to perform the work.' "

In deciding the question raised on appeal, this court held:

"Our conclusion is that a contractor is presumed to be prepared with machinery and appliances necessary to do his work, that such items are furnished upon his credit and not upon the implied credit of the public, and that repairs, if made, will be paid out of the profits of the undertaking."

In *United States Rubber Co. v. American Bonding Co.*, 86 Wash. 180, 149 Pac. 706, it was held that a sum due for rubber goods consisting of hose, washers, couplings, belts, tubing, gloves, boots, and overcoats which were entirely worn out in the construction of a steel bridge, was not covered by the bond. The reason given for so holding was that the goods were in the nature of equipment, and were neither materials nor supplies within the meaning of the statute.

The claim for the shoeing of horses used on construction work was held not lienable in *Rachow v. Philbrick & Nicholson*, 148 Wash. 214, 268 Pac. 876.

Medicine, drugs, apparatus, and equipment, or the services of a physician were held not to be "materials" or "supplies" within the meaning of the security for labor statute. *Western Clinic & Hospital Ass'n v. Gabriel Const. Co.*, 168 Wash. 411, 12 P. (2d) 417.

Liability insurance premiums are not recoverable under the statute. *Maryland Cas. Co. v. Seattle*, 11 Wn. (2d) 69, 118 P. (2d) 416.

Appellants call to our attention the decisions of this court in *Nemah River Towboat Co. v. Brewster*, 152 Wash. 672, 278 Pac. 694, 279 Pac. 1107, and *Maeder Steel Products Co. v. Brewster*, 154 Wash. 120, 281 Pac. 14, to the effect that the charge for towing gravel and lumber used in construction work may be recovered from the security or the retained percentage and, from that basis, argue that charges for transportation of equipment must be allowed. This con-

tention has been met and refuted in the cases we have heretofore cited. The distinction between provisions and supplies and equipment is best stated as follows in the case of *United States Rubber Co. v. American Bonding Co., supra*:

"A supply would be any article furnished for carrying on the work which from its nature is necessarily consumed by use in the work, while equipment would consist of those articles that are not necessarily so consumed, but which may survive the particular work and be further used on work of like character."

The equipment and machinery used by contractor Whittaker were not and could not be consumed in the work in which he was engaged. It follows that the charges for freight on machinery and equipment do not come within the provision of our statutes. We hold that the charges for freight on equipment used by the contractor cannot be recovered as against the bond or the retained percentage.

The judgment of the trial court is affirmed.

MALLERY, C. J., MILLARD, SCHWELLENBACH, and HILL, JJ., concur.