[No. 34433. Department One. March 27, 1958.]

L. A. HENDRICKS et al., Respondents, v. CHARLES H. DAHLGREN et al., Appellants.[1]

*Rummens, Griffin, Short & Cressman* and *Robert F. Utter,* for appellants.

*Wright, Booth & Beresford,* for respondents.

[1]Reported in 323 P. (2d) 658.

FINLEY, J.—The defendant, Dahlgren Construction Company, was the prime contractor respecting the construction of a state highway bridge in Mount Vernon, Washington. Plaintiff, L. A. Hendricks, owned a Bucyrus-Erie 22-B three-quarter yard shovel, which Dahlgren Construction Company wished to rent for use on the construction project. During the negotiations for the rental of the shovel, it became apparent that, in order to make the machine useful to defendant construction company, it would be necessary to have an extension added to the boom of the shovel and to acquire a jib for attachment to the end of the crane boom. Plaintiffs expended $571.65 in making these changes.

Both parties agreed that the rental for use of the shovel was to be one thousand dollars per month. Defendant Dahlgren claims that there was no understanding as to how long the shovel would be used. Plaintiff Hendricks seems to have taken three positions as to the agreed rental period: (1) In a letter written to the defendant about a month and one half after the contract had been made, plaintiff claimed two months' rental; (2) in their pleadings, plaintiffs sued for two and one-quarter months' rental (based on the actual length of time the shovel remained on the Mount Vernon jobsite); (3) on the witness stand, plaintiff Hendricks asserted that he had been led to believe that Dahlgren was renting the shovel for the balance of the Mount Vernon job (about two months) and for some work on a project at Fort Lewis; Hendricks testified that he understood that defendant construction company would use the shovel for six to eight months in all.

The trial court found that the parties had agreed to a rental period of two months—or approximately for the duration of the Mount Vernon project.

In *Dickson v. Darnell*, 98 Wash. 301, 167 Pac. 937, this court said:

"The contract being oral and its terms disputed, it is elementary that the intention of the parties must be ascertained not only by their testimony, but by considering that testimony in the light of the surrounding circumstances and the purpose of the contract at the time it was made and the

conduct of the parties before the dispute arose. These things must be considered as to showing the probability as to what the contract was."

In *Leezer v. Fluhart,* 105 Wash. 618, 178 Pac. 817, we said:

"The meaning of a contract may frequently be determined by a resort to the doctrine of probability, by answering the question, What is the common sense of it?"

The judge stated in his oral opinion that it did not make sense for Mr. Hendricks to spend over five hundred dollars renovating his shovel in order to rent it for one month, with only a speculative possibility of a longer rental period. He concluded that under the circumstances of this case reasonable men in situations similar to Mr. Hendricks' position would have a basis for believing that the parties had agreed for a rental period of at least two months—the period of the Mount Vernon project. A careful reading of the record convinces us that the findings of the trial court should not be disturbed.

One further question is presented in this case. Pursuant to an oral contract with a sewer subcontractor on the Mount Vernon project, the Hendricks Construction Company, using its D-7 caterpillar tractor, covered a sewer ditch and built an access road. The sewer subcontractor refused to pay for this work. Hendricks attempted to collect for the work from the Dahlgren Construction Company as the prime contractor. Dahlgren refused to pay. The trial court awarded respondents judgment on this claim in the amount of $136.

Appellants' argument is that Hendricks delivered material, supplies, or provisions within the meaning of RCW 39-.08.020, and that he (Dahlgren), as prime contractor, is not liable for the delivery of materials, supplies or provisions unless the notice requirements of that statute are complied with. Appellants point to the fact that respondents in their pleadings alleged the payment was due *for rental of the tractor at a fixed hourly rate.* The trial court, however, found that respondents had performed work and labor,

which are not within the purview of RCW 39.08.020. *Maryland Cas. Co. v. Tacoma*, 199 Wash. 72, 90 P. (2d) 226, 123 A. L. R. 399; *Sutherland v. Smith*, 123 Wash. 518, 212 Pac. 1060. Further, the trial judge found that the work was performed at the special instance and under the direction of appellants' foreman. These findings are supported by the record. *Croton Chemical Corp. v. Birkenwald, Inc.*, 50 Wn. (2d) 684, 314 P. (2d) 622. The reasonableness of the award is not disputed.

The judgment of the trial court is affirmed.

HILL, C. J., MALLERY, OTT, and HUNTER, JJ., concur.